THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMANN WANDT, Appellant.— Appeal from a judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of section 100 of the Alcoholic Beverage Control Law. Judgment reversed on the law and the facts, the complaint dismissed on the law and the fine remitted. The offense charged in the complaint was not proved. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

JOSEPH RUBENSTEIN, Respondent, v. KORET, INC., Appellant.— Action on contract. Order denying defendant's motion to require plaintiff to submit the issues in this action to arbitration affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

MARY I. THOMPSON, Appellant, v. EDWARD J. ECK and SARAH M. ECK, Respondents.— Plaintiff, as assignee, sues to recover for professional services rendered to defendant Edward J. Eck by her assignor. The first cause of action was on an express agreement and the second on a *quantum meruit*. The court, at the close of plaintiff's case, dismissed the first cause of action on the merits, holding that the plaintiff's assignor had not fully performed his agreement before his employment was terminated by defendant Edward J. Eck, and dismissed the second cause of action without prejudice to the rights of the plaintiff's assignor, holding that plaintiff was not the real party in interest and, therefore, could not maintain the action. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Defendant Edward J. Eck agreed to pay plaintiff's assignor $1,000 for his services in the event the action, which said defendant instituted against his wife, was "settled, compromised, won or discontinued." The proof shows that the parties to that action settled their differences by the agreement of the wife to execute a deed conveying the properties, which were the subject-matter of the action, to herself and her husband as tenants by the entirety. Plaintiff's assignor drew this deed but defendant Edward J. Eck and his wife failed to execute it. It was for the jury to determine if plaintiff's assignor, before his employment was terminated, had rendered all the services which he had agreed to perform, and if he had not, then he was entitled to recover the reasonable value of the services actually rendered. The court erred in dismissing the complaint on the ground that plaintiff was not the real party in interest. (*Gellens* v. *11 West 42nd Street, Inc.*, 259 App. Div. 435; *Titus* v. *Wallick*, 306 U. S. 282.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE VOGES MANUFACTURING CO., INC., Appellant, v. INTERNATIONAL DIESEL ELECTRIC COMPANY, INC., Respondent.— Action to recover damages for breach of warranty in the sale and installation of a Diesel electric power plant. Order granting defendant's motion to strike out certain paragraphs of the complaint on the ground that they are irrelevant and incompetent, in so far as appealed from, affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.