Meyer Lindenbaum, of New York City, for trustee.

Harry V. Kaplan, of New York City, for respondent.

## In re LOUIS HOOKERMAN, Inc.

### No. 40814.

District Court, E. D. New York.

Feb. 11, 1943.

MOSCOWITZ, District Judge.

The Trustee in bankruptcy of the bankrupt seeks to review the order of the Referee denying his motion directing Louis Hookerman to turn over money to the Trustee in bankruptcy.

A decision of the Referee upon the facts should not be lightly disturbed as he had an opportunity to observe the witnesses, their demeanor and manner of testifying.

The law is as stated by the Referee that the Trustee is required to prove present ability to comply with a turnover order. See In re Pinsky-Lapin & Co., 2 Cir., 98 F.2d 776.

It is claimed the respondent was too ill to appear before the Referee in the turnover proceeding. Evidently the Referee disbelieved that statement as on May 15th, 1942, in characterizing the respondent, he stated (p. 21 in the minutes), "And because of the doctors' certificates he is unable to appear, you are unable to see him in bed,

and all of a sudden he moved to Philadelphia, and I say the whole thing is crooked, and that is for the record." And again on August 7th, 1942, he stated (p. 196 in the minutes), "I might state that the man is not too ill to run away from Brooklyn, just at the time we were going to have him examined and go down to Philadelphia, and I do not believe the statement that he has made to you or that somebody has made to you that he is too ill to come over to Brooklyn." Evidently no testimony was taken after that date. However the Referee in his report states:

"The said respondent Louis Hookerman was not obtainable for examination on the first meeting of creditors and the matter was adjourned at various times in order to obtain his presence at the meeting, but it was shown to the Court that the said respondent suffered from an extreme heart condition which rendered him incapable of the exertion and it was asserted through a doctor's statement that any examination would prove to be fatal.

"The trustee had a doctor examine said respondent with respect to his condition and reported that the said respondent had a very serious heart ailment, but that it did not preclude him from being examined."

■ The burden of proof that the respondent was able to comply with a turnover order is upon the Trustee. The respondent failed and refused to appear and offer any explanation to meet the testimony offered by the Trustee. The Referee received in evidence portions of the testimony of respondent in the proceedings under section 21, sub. a of the Bankruptcy Law, 11 U.S.C.A. § 44, sub. a. The Referee erred in not receiving the balance of the testimony which the respondent gave in the proceedings under 21, sub. a of the Bankruptcy Law. If part of the testimony was received, the remainder of the testimony which was germane and relevant should have been received. See In re Jan W. Paris, Inc., D.C.S.D.N.Y., 1934, 11 F. Supp. 77, affirmed 2 Cir., 1935, 77 F.2d 1003.

■■ The money which is sought in the turnover proceeding was shown to be in the possession of the respondent. At least he should have been required to go forward with proof to the effect that he no longer had in his possession the money sought. See Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419. Certainly, in a case where the money was recently received by the respondent he should be required to go forward with evidence to the effect that it is no longer in his possession. In the absence of such proof he may be presumed to continue in possession of the money. See Seligson v. Goldsmith, 2 Cir., 128 F.2d 977; In re Eisenberg, 3 Cir., 130 F.2d 160; In re Steinreich Associates, 2 Cir., 83 F.2d 254.

The decision of the Referee is reversed. Settle order on notice.