## In re ECK.

### No. 43717.

District Court, E. D. New York.
Dec. 13, 1944.

Samuel Sweetbaum, of New York City (Mordecai P. Springer, of New York City, and Herman G. Robbins, of Brooklyn, N. Y., of counsel), for bankrupt.

Raymond Keran O'Brien, of Jamaica, N. Y. (Frederick N. Van Zandt, of New York City, of counsel), for objecting creditor Mary I. Thompson.

MOSCOWITZ, District Judge.

This is a motion for an order reviewing and reversing the report of the referee which granted the bankrupt's discharge.

Mary I. Thompson is the sole creditor of the bankrupt. The bankrupt retained Herbert A. O'Brien, Esq. (now Justice O'Brien of the Domestic Relations Court of the City of New York), to bring an action against his wife to recover certain real property, the record title to which was in the name of his wife. Justice O'Brien subsequently assigned his claim for services to

Mary I. Thompson, who obtained a judgment against the bankrupt. She filed the following specifications of objection:

"1. That the bankrupt has within twelve months before the date of his bankruptcy transferred, removed, destroyed or concealed or permitted to be removed, destroyed or concealed his property with intent to hinder, delay or defraud his creditors, in that in filing his petition in bankruptcy he failed to schedule as assets or make any mention of certain partnership property in the partnership existing between the bankrupt and his wife, Sarah M. Eck as testified to by them before the Referee in Bankruptcy on November 19, 1942, on December 10, 1942 and on January 21, 1943, wherein it was disclosed that Sarah M. Eck and Edward J. Eck, the bankrupt, were partners in an automobile repair business and purchased with proceeds of the business certain property and made certain bank deposits in the name of Edward J. Eck or Sarah M. Eck in either or both names from time to time in various banks in the City of New York and obtained loans for the running of the business by pledging said property with banks of the City of New York as it existed in either or both of their names, and listing them as part of their net worth.

"2. The bankrupt failed to explain satisfactorily any losses or deficiency of assets to meet his liabilities in that there existed according to the testimony given by the bankrupt and his wife, before the Referee in Bankruptcy at Jamaica, New York, on November 19, 1942, on December 10, 1942 and on January 21, 1943, an interest of the said bankrupt, Edward J. Eck in a partnership with his wife, Sarah M. Eck which said interest was not set forth as an asset in the schedules filed by the said Edward J. Eck in this bankruptcy proceeding."

■ The referee has filed a 28-page opinion. This court is mindful of the fact that the determination made by the referee, who heard and observed the witnesses, should not be lightly disturbed and that the findings of fact of the referee should be accepted unless clearly erroneous.

The testimony was closed on September 23, 1943, and the referee did not decide this case until April 26, 1944, which was more than six months later. The creditor's brief was delivered to the referee on October 19, 1943, and creditor's reply brief

was received on November 27, 1943. The bankrupt's brief was delivered on November 15, 1943. Rule 17(a) of the Bankruptcy Rules of this court expressly provides that: "Referees shall make and file their decisions in all cases within two months after the final submission unless such time be extended by order of a Judge of this Court, and shall forthwith give written notice of such filing to the parties or their attorneys." One of the reasons for this rule is that a referee should make his decision when the facts are fresh in his mind. This was not done here.

The evidence is clear and convincing that the bankrupt failed to disclose both the real property owned by him and his automobile repair business; he concealed his assets. In order for the referee to have arrived at the conclusion he reached, it would appear that he disregarded the five salient factors: (1) That the bankrupt, in an action entitled Eck v. Eck,[1] in the Supreme Court, Queens County, in which the bankrupt was the plaintiff and his wife was the defendant, verified a complaint on August 20, 1935, which alleged that he was the owner of the real property for the recovery of which the suit was brought; (2) the signing by the bankrupt on September 9, 1935, of the agreement retaining Justice O'Brien as attorney to commence an action against his wife "to recover from my wife Sarah M. Eck, the title to the three properties now in her name"; (3) the testimony given by the bankrupt in the action entitled Thompson v. Eck, 263 App.Div. 1007, 33 N.Y.S.2d 669, in which the judgment for legal services was recovered; (4) the admission of the bankrupt by failure in his verified answer to the complaint in the said action of Thompson v. Eck to deny paragraph 3rd thereof, which alleged that "The said litigation consisted of a claim by the said Edward J. Eck that he was the owner of certain real properties in the County of Queens, the legal or nominal title to which was in the name of his wife, the said Sarah M. Eck, and engaged the said Herbert A. O'Brien as his attorney to enforce his claim as owner thereof"; and (5) the financial statement furnished by the bankrupt to the bank for the purpose of procuring a loan.

The bankrupt, in the sworn complaint in Eck v. Eck, claimed ownership of three parcels of real property and in the business conducted by him. He testified in the Supreme Court in Thompson v. Eck to that effect. In order to procure loans he made financial statements in which he stated that the real property in question was owned by him and that the record title was in his wife's name, and that he was also the owner of the automobile repair business. No satisfactory evidence has been adduced to the contrary.

Certainly this bankrupt was under obligation in this proceeding to disclose his ownership in the real property and in the business. He has placed himself between the prongs of a two-horned dilemma. The position he had previously assumed in the verified complaint, in the retainer, in the testimony and in the financial statement, claiming an ownership interest in the real property and the business, results in his being guilty of concealing those assets by his omission of them from his schedules. The position he now takes that he had no ownership interest results in his being guilty of making the false financial statement to the bank, even though there is no specification charging this offense.

The bankrupt's defense to the specification filed herein is an after-thought. His testimony before the referee was that he was intoxicated at the time that he verified the complaint in Eck v. Eck, although the facts and circumstances do not in the slightest justify this claim. The evidence is clear that the bankrupt did in fact have ownership interest in the realty and in the business. There is no claim that he was intoxicated when he signed the agreement retaining Justice O'Brien, nor when he testified in the action, Thompson v. Eck, nor when he verified his answer in the Thompson suit admitting that the litigation consisted of a claim that he was owner of the properties, nominal title to which was in his wife, nor when he signed the financial statements in applying for the loan. He testified that the reason that he did not disclose the real property and the partnership business in his schedules in bankruptcy was due to the advice of his attorney. There is no evidence that he supplied his attorney with all of the facts. His testimony with respect to the conversations with his attorney is meager. It is difficult to conclude that his attorney would have advised the bankrupt to omit from the schedules in bankruptcy the property or his claim to it if the attorney had known

---

[1] No opinion for publication.

the facts. Such claim to ownership of the property should have been included in the schedules.

■ A bankrupt who omits property from his schedules upon the advice of his attorney after full disclosure of all the facts (not the case here) is nevertheless not entitled to a discharge.

■ The testimony of the bankrupt was perjurious and unworthy of the slightest credence. A bankrupt who seeks his discharge is under obligation to disclose all of his assets. This the bankrupt has failed to do. It would be a grave miscarriage of justice to permit the bankrupt's discharge to stand.

The order of the referee is reversed. Settle order on notice.