### THOMPSON v. ECK.

No. 317.

Circuit Court of Appeals, Second Circuit.

May 31, 1945.

632

Samuel Friedlander, of New York City, for bankrupt-appellant.

Frederick N. Van Zandt, of New York City (Raymond Keran O'Brien, of Jamaica, N. Y., on the brief), for objecting creditor-appellee.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

When the bankrupt filed his voluntary petition in bankruptcy in November, 1942, he listed as his only creditor one Mary I. Thompson, secretary of his former attorney, Herbert A. O'Brien, and assignee of the latter's claim against him for services rendered. Thereafter Thompson filed two specifications of objection to his discharge, wherein she charged that he had concealed his partnership interest in an automobile repair business conducted with his wife, as well as certain partnership property. The referee granted the discharge, but on petition for review the District Court reversed the referee's order and denied the discharge. 58 F.Supp. 598. The bankrupt therefore appeals.

■ The charge that the bankrupt concealed his partnership interest in the automobile repair business is borne out to the extent that his statement of affairs fails to reveal the partnership nature of his business. But he did set forth in his schedules all of the partnership assets. He thus listed himself as the owner of a G.M.C. truck, a National truck, and a Buick coupe. And under the heading, "Machinery, fixtures, apparatus and tools used in business," he set forth: "1 valve grinder, 1 porter joiner jack, 1 bench grinder, 1 brake drilling machine." The referee found, and there is nothing in the record to contradict this finding, that "all of the partnership assets which have been shown to exist have been listed by the bankrupt as his individual property." [1] The concealment complained of is therefore to be found in the bankrupt's claim of a larger interest in personal property than he had. Without deciding that such a claim in no event can be fraudulent, we fail to see how under the facts here disclosed it must be so considered, or the referee's findings held clearly erroneous.

■ Appellee, the objecting creditor, further relies on a claim of concealment by the bankrupt of his interest in three parcels of realty. The bankrupt contends that the specifications which dealt with the claims of partnership ownership did not properly present this claim. But notwithstanding any ambiguity in defining the claimed ownership, the tribunals below have considered the matter on the merits; and we shall do the same. The first and second parcels involved are those at 114-18 149th Street, Queens County, and the site of the automobile repair business at 157-09 Rockaway Boulevard. The bankrupt and his wife purchased these parcels by deeds dated October 2, 1924, and February 28, 1929, respectively. On July 8, 1929, at a time when he had no creditors, the bankrupt conveyed these properties to his wife

---

[1] Appellee contends that failure to list the business as a partnership was a failure to list the asset of good will. But there was no suggestion that the good will of this decaying business would be worth more if it were a partnership between husband and wife than if owned by the husband alone; without evidence, the suggestion seems fantastic. Further that some of the partnership property may have been purchased with partnership funds, as charged, adds nothing to the already admitted fact of partnership.

by deeds of gift, duly recorded in the Register's Office, Queens County, on August 1, 1929. Title has since stood in the wife's name. The third parcel is the home occupied by the bankrupt and his wife at 120-14 143d Street, Queens County. The bankrupt's wife purchased this property on May 9, 1933, by deed recorded May 12, 1938, with title continuously in her name. Thus, so far as the record title is concerned, the bankrupt's wife was the only one who had an interest in the parcels in question. Moreover, the referee found that "no interest * * * has been shown * * * to be vested in either the bankrupt, individually, or in the automobile repair and storage business conducted by the bankrupt and his wife as an alleged partnership business." If the evidence supports this finding, the specification must be dismissed. For certainly "the bankrupt must have some legal interest in the property before he can be charged with its concealment." 1 Collier on Bankruptcy, 14th Ed. 1940, 1368.

There is nothing in this record that would warrant us to characterize the referee's finding as clearly erroneous. Appellee's only supporting evidence consisted of various statements by the bankrupt in connection with a claim to these properties made by him in 1935, and financial statements furnished by him to the Bank of the Manhattan Company in 1940 and 1941. Appellee stresses the fact that in August, 1935, the bankrupt, his wife having left him and taken with her the deeds to the three parcels in question, sued her for specific enforcement of an alleged oral promise to reconvey the property on demand, and in connection with this suit signed a complaint, thereafter verified, alleging, among other things, that he was the legal and equitable owner of such property. Appellee also offered in evidence an agreement signed by the bankrupt on September 9, 1935, retaining Herbert A. O'Brien as attorney "to recover from my wife, Sarah M. Eck, the title to the three properties now in her name." Additional evidence consisted of the bankrupt's testimony in a New York Supreme Court action by appellee to recover the retainer fee, Thompson v. Eck, 263 App.Div. 1007, 33 N.Y.S.2d 669, to the effect that the properties were half his and half his wife's, and

of the answer to the complaint in that action, which failed to deny an allegation that the fee sued for was for services in connection with an action involving a claim of ownership of the parcels in question.

If we assume that the bankrupt's complaint stated a good claim against his wife, it, like the other evidence, shows no more than that the bankrupt once claimed ownership of the realty for purposes of a lawsuit. The interest concealed must be such as would pass to the trustee. See 1 Collier on Bankruptcy 1299. But the trustee could not have recovered on the basis of these past claims alone. Further, it appeared that the bankrupt became reconciled with his wife some seven years ago and withdrew his suit. Hence it is most unlikely that the trustee could have recovered at all, especially since the reconciliation clearly was not with any purpose of defrauding creditors. As far as the evidence is concerned, therefore, it was insufficient to show that the bankrupt had any interest which he might conceal. [2]

But appellee showed further that in 1940 the bankrupt obtained credit from the Bank of the Manhattan Company upon a statement in which he claimed the property in question as his own. In fact, however, the statement was hardly more conclusive than any of the other evidence. It stated expressly that the record was in the name of his wife, thus giving some notice of the doubt existing as to his claim. At least the referee was not required to accept the statement as a conclusive admission of ownership. The bankrupt's further doubt is shown by his second statement to the Bank in 1941, wherein he claimed only an interest in the site of the automobile repair business, without mention of the other parcels.

■ The referee found also that there was no actual fraudulent intent on the part of the bankrupt. This is justified on the evidence. There was proof that the bankrupt made out his schedules on his attorney's advice. This is ordinarily enough to show that the necessary intent is lacking. See cases collected 1 Collier on Bankruptcy, 1307, n. 10. Moreover, here the only creditor was Mary I. Thompson; and the bankrupt could not possibly have intended to defraud her, since she knew all

---

[2] We need not consider, therefore, the bankrupt's claim that he was intoxicated when he signed the complaint and did not know what he was claiming; though it seems improbable that he was unaware of what he was claiming throughout all these proceedings.

about the allegedly concealed transactions. Finally the fact that all these transactions were revealed at the first meeting of creditors also tends to indicate that the intent was not fraudulent. In re Doody, 7 Cir., 92 F.2d 653; 1 Collier on Bankruptcy 1368. We can sympathize with the District Court's view that the bankrupt had been unfrank or worse, and his conduct in many respects not admirable, without believing the specifications clearly proven, or the attorney who engineered his affairs or the latter's secretary and assignee fraudulently misled thereby.

Reversed for affirmance of the referee's order of discharge.