Herman G. Robbins, Brooklyn, for claimant.

David Haar, New York City, for trustee.

## In re SUSSMAN.

United States District Court
S. D. New York.
Jan. 30, 1950.

IRVING R. KAUFMAN, District Judge.

This Court has before it the petition of one Morris Klein to review an order made by the Referee in Bankruptcy expunging his amended proof of claim. The petitioner contends that his claim in the sum of $84,-414.23 is a provable claim under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., that the claim had been proven, and, therefore, should not have been disallowed.

The controversy in this case arises from the filing of an amended proof of claim by the said Klein based on "implied contract" on the part of the bankrupt to repay money which Klein advanced to one Cohen.

The basis of Klein's claim is that he had been induced to advance moneys to one Wilfred E. Cohen who was President of Spotlight Productions, Inc. upon false representations made by Cohen to the effect that the Treasury Department of the United States was indebted to Spotlight Productions, Inc. in various sums of money for projection machines sold by Spotlight to the Treasury Department. Klein alleges that, relying upon these representations he advanced to Spotlight Productions, Inc. the sum of $163,584.91 and received from Spotlight Productions, Inc. assignments of the moneys alleged to be due from the Government. It was subsequently learned that no moneys were due from the Government and the assignments were fraudulent. Klein had been repaid the sum of $74,170.68, leaving a balance of $89,414.23, which was the basis of his amended claim.

The crux of Klein's claim against the bankrupt is that Sussman, the bankrupt, "aided and abetted" Cohen and Spotlight Productions, Inc. in obtaining the money from the claimant because, Klein charges, the bankrupt received from Spotlight Productions, Inc. checks issued by the claimant to Spotlight Productions, Inc. totalling $103,424.29, and deposited the same.

A full hearing was had on the objection to Klein's proof of claim before the Referee, at which the claimant, Klein, failed to appear. I have examined the minutes of the hearing before the Referee and cannot find sound ground for the reversal of the Referee's order or logic for the setting aside of his findings and conclusions.

The evidence established that the bankrupt did not know Klein and therefore did not make any representations to Klein. The bankrupt was in the check cashing business and in the course of his business cashed thousands of checks. There was no proof that the bankrupt retained any of the proceeds of the alleged fraud upon Klein by Cohen other than the fees which he obtained for the cashing of Cohen's checks. Indeed, Sussman flatly denied that the proceeds of checks cashed for Cohen remained with him and this denial was not overcome at the hearing by any clear or credible evidence.

While Klein strains to make out a case in implied contract, on the theory that the bankrupt has received money of Klein's which he knows belongs to Klein and therefore has impliedly contracted to repay it, the basis of his claim is nevertheless one for fraud and misrepresentation. His amended proof of claim alleges on the face of it that the bankrupt aided and abetted Cohen and Spotlight Productions, Inc. in obtaining the money from the claimant on false and fraudulent representations. In order to be implicated in aiding and abetting, the bankrupt must have done whatever he is accused of doing with knowledge of the fraud alleged to be perpetrated by Cohen upon Klein and the bankrupt must have known that the moneys were the fruit of the fraud. Proof of such knowledge is completely lacking in the record. A claim for fraud and misrepresentation is based in tort and not in contract. This is not a case where any direct relationship existed between the claimant Klein and the bankrupt Sussman. In fact, Sussman said he did not know Klein and this testimony is uncontradicted. It appears therefore that several elements were lacking in the proof:

(1) It had not been established that Cohen committed a fraud on Klein, although we will assume for these purposes it had;

(2) it was not shown that Sussman knew of the perpetration of the alleged fraud;

(3) it was not established that Sussman retained any moneys that Cohen took by fraud from Klein.

The claim of Klein was not self proven by the mere filing of the proof of claim as is the case in a claim based on contract alone.

The record indicates that the bankrupt denied that he kept any of the proceeds of the checks of Accurate Factors (Klein's company in dealing with Cohen) (S.M. p. 6). The claimant attempted to establish his claim by showing the bankrupt, who testified at the hearing, a number of checks which he had endorsed and deposited in his bank account and attempted to spell out the fact that some of the moneys from Accurate Factors to Cohen had remained with Sussman. The evidence on this phase was of an inconclusive character and must be considered in the light of Sussman's unqualified and absolute denial that every check which had been marked in evidence and which had been cashed for Cohen had been deposited in his own bank account, the cash withdrawn and turned over to Cohen.

Previous testimony of the bankrupt in a turnover proceeding became a part of the record in the objection proceedings, and was introduced apparently on the theory of discrediting the bankrupt by prior inconsistent statements. This is akin to confrontation in a trial of a witness by prior inconsistent statements, the theory being that the trier of the facts will then disbelieve the testimony of the witness at the trial. The Referee in Bankruptcy was the trier of the facts on the issue created over Klein's amended proof of claim and as such he was in a position to observe Suss-

man on the stand and either believe his entire story or disbelieve his entire story or believe such part as he in his opinion thought credible. With Sussman before him and the inconsistent and contradictory statements in the turn-over proceeding also before him, the Referee gave credence to Sussman's contention that he was not a party to an alleged fraud by Cohen upon Klein; that he did not know Klein; that he did not participate in any of the alleged misrepresentations made by Cohen to Klein; that he did not aid or abet Klein in making such representations or obtaining money from the claimant and that he did not retain the money. It is doubtful whether in the objection proceedings Klein established the perpetration of a fraud upon him by Cohen, and it appears that the Referee made no finding upon this phase of the case.

This Court sits in effect as an Appellate Court in reviewing the findings of a Referee and unless some glaring error exists which makes apparent that the findings and the conclusions were clearly erroneous and inconsistent with the evidence, the Court will not reverse an order of the Referee. Order 47 of Bankruptcy Act, 11 U.S.C.A. following Section 53; In re Seldon, D.C.E.D.N.Y.1945, 58 F.Supp. 843; In re Barry, D.C.E.D.N.Y.1943, 52 F.Supp. 492. Cf. Colby v. Klume, 2 Cir., 178 F.2d 872. Particularly is this so where the Referee was in a position to judge the credibility of the principal witness, in this case the bankrupt. In re Eck, D.C.E.D. N.Y.1944, 58 F.Supp. 598; In re Louis Hookerman, D.C.E.D.N.Y.1943, 49 F.Supp. 827.

If the claimant had established, which he did not, that Sussman made representations to Klein or had established by affirmative proof that a conspiracy had existed between Cohen and Sussman to defraud Klein, or that there was knowledge on the part of Sussman that he was aiding and abetting in the perpetration of a fraud, then the findings would have been inconsistent with the evidence. However, the argument of the claimant upon this application seems to resolve itself into a contention that the Referee should have inferred or surmised that Sussman was a party to that fraud. If the Referee had drawn such an inference, based upon mere surmise or drawn from other inferences, this Court would most likely have been justified in reversing the Referee.

The petition to review so much of the order of the Referee, dated December 20, 1949, which expunges the claim of $89,414.-23 is denied, the order is affirmed, and the amended claim of Morris Klein in the sum of $89,414.23 is expunged.