In re WEST COUNTIES CONST. CO.
McCARTHY v. WEST COUNTIES
CONST. CO.

No. 10050.

United States Court of Appeals
Seventh Circuit.

June 5, 1950.

John E. Toomey, John J. Moran, Chicago, Ill., for appellant.

Isaac E. Ferguson, Chicago, Ill., Benjamin F. Morrison, Chicago. Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Debtor owned and operated a stone quarry near Elgin, Illinois, producing roadstone and agricultural limestone. In 1947 all of debtor's quarrying equipment with minor exceptions was mortgaged to St. Charles National Bank as security for a loan of $80,000. On April 26, 1948, to avert a threatened foreclosure of this mortgage the Circuit Court of Kane County, Illinois, appointed Herbert Cameron as receiver pendente lite. The proceedings resulting in Cameron's appointment were commenced on behalf of a creditor by Attorney William O'Brien who prepared and filed, in addition to other papers and pleadings, a list of creditors. On June 11, 1948, the court appointed Cameron as permanent receiver. The State court allowed Attorney O'Brien $600 for his services and debtor paid that sum.

Thereafter the receiver operated the quarry. However, the Pennsylvania Crusher Company filed a reclamation petition seeking to reclaim a crusher which was necessary for the operation of the quarry. On August 18, 1948, the receiver petitioned the Circuit Court for authority to borrow $20,000 on the stockpile of material which had been accumulated. The notice of the motion stated as one of the purposes of the motion, "and for leave to employ counsel." It is probable however that Frank A. McCarthy, the appellant herein, had been acting as attorney for the receiver for some time prior to the date of said petition. On August 20, 1948, the court granted permission to the receiver to borrow the money and to pay $1,000 as commission for obtaining the loan. It was McCarthy who induced his son-in-law, Fred R. Walker, to advance the money after various financial institutions had refused to do so. From the $20,000 loaned by Walker the sum of $1,000 was immediately repaid to him as "commission." The sum of $3,060 was repaid to McCarthy and $1,000 to the receiver to cover unsecured loans which they had previously made to the debtor. In addition the claim of the Pennsylvania Crusher Company was satisfied.

On March 28, 1949, debtor filed a voluntary petition for reorganization under Chapter X, Bankruptcy Act, 11 U.S.C.A. § 501 et seq. On August 15, 1949, the receiver filed a petition in the district court alleging that McCarthy had represented him as his attorney during the period of the State court receivership and asking that he and McCarthy be allowed a reasonable sum for their services. The court allowed $550 to McCarthy and the same amount to the receiver. Claiming that such allowance was too small and therefore arbitrary and a gross abuse of discretion, McCarthy brings this appeal.

McCarthy did not present to the district court any statement showing in detail the kind of legal services he rendered or the dates involved. He merely referred to the eleven month period of the State court receivership, and estimated that he had spent 300 to 350 hours in rendering legal services to the receiver. At the hearing he revised his estimate to 188 hours. In this court he suggests an allowance of $3,000.

It is certain that a successful reorganization of debtor was made possible only by bringing in a substantial contribution of outside cash. Whether this amounted to $32,876.87 as stated by appellee, or $10,000 as claimed by appellant is unimportant. It is also certain that at the time the plan of reorganization was confirmed the total cash in the hands of the trustee was $7,786.99. He also had accounts receivable of about $9,000 and a stockpile of crushed stone.

The court made allowances of fees and disbursements totaling $8,442.01. This included $550 as attorney fees for appellant, and $550 fees for receiver plus $300 as reimbursement of expenses of the receiver. The trustee in bankruptcy and the attorney for the trustee each were allowed a fee of $2,300. Under the plan of reorganization as confirmed the debtor was required to make payments totaling $30,995.83 before May 1, 1950, which sum included the fee and disbursement allowances.

The district court was faced with a very practical proposition. Even with the aid of outside cash the payments to be made under the plan of reorganization represented a maximum drain upon the existing and anticipated cash resources from which payments could be made. A larger allowance of fees might well have made the plan of reorganization unfeasible. The court properly gave consideration to the effect which a greater depletion of the cash reserves might have on the unfeasibility of the plan of reorganization. Brown et al. v. Gerdes et al., Trustees, 321 U.S. 178, 181, 64 S.Ct. 487, 88 L.Ed. 659.

McCarthy claims that only allowing him fees of $550 while allowing $2,300 each to the trustee and to his attorney was arbitrary and unjustified. Having determined under the circumstances of this case the maximum amount which reasonably could be allowed for fees and expenses, the proper allocation of this amount is a matter for the court's discretion. In re Irving-Austin Building Corp., 7 Cir., 100 F.2d 574; In re Watco Corp., 7 Cir., 95 F.2d 249. The allowance or disallowance of fees involves an exercise of sound discretion.

Dickinson Industrial Site, Inc. v. Cowan et al., 309 U.S. 382, 385, 389, 60 S.Ct. 595, 84 L.Ed. 819.

Orders of a district court in fixing fees and allowances will not be disturbed on appeal unless there is shown to have been a clear abuse of discretion, manifesting a disregard of right and reason. In re Mt. Forest Fur Farms of America, Inc., 6 Cir., 157 F.2d 640, 648; In re Seville Court Apartments Building Corp., 7 Cir., 134 F.2d 232, 233; In re A. Hertz, Inc., 7 Cir., 81 F.2d 511, 513; Davis Transformer Co. v. Mansfield, 1 Cir., 141 F.2d 681, 682.

We do not find an abuse of discretion in the allowance of fees herein. Order affirmed.