In re Charles B. CHRISS, Debtor.

Bankruptcy No. 82 B 20445.

United States Bankruptcy Court, S.D. New York.

April 17, 1984.

**656**

Barbara Balaber-Strauss, New York City, for trustee.

Sidney Turner, White Plains, N.Y., for debtor.

## DECISION ON APPLICATIONS FOR ALLOWANCES FILED BY THE TRUSTEE, ATTORNEY FOR THE TRUSTEE, AND THE ATTORNEY FOR THE DEBTOR

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Hindsight being better than foresight by a darned sight, it now appears that this bankruptcy case might not have been commenced had the results been known in advance. The trustee in bankruptcy has on hand a balance of $23,148.70, whereas the timely filed general unsecured claims aggregate $6,996.56. There is also one tardily filed general unsecured claim of $1,372.59 for total claims of $8,369.15. Thus, there are sufficient assets in this estate to pay all of the creditors in full, even after the satisfaction of administration expenses, including allowances, and priorities. The matter for consideration involves the amount of the allowances to be awarded to the trustee in bankruptcy and to the debtor's attorney.

At the outset this case was believed to be one with no assets. However, the trustee's investigations revealed to her that the debtor may have fraudulently conveyed his equitable interest in a single family dwelling to his second wife, which was not listed in the bankruptcy petition. The trustee filed a lis pendens in Westchester County, New York against the property, thereby giving public notice that an action was to be commenced by the trustee concerning this property. The trustee also obtained an order to show cause temporarily enjoining the debtor's second wife from transferring the real property. Thereafter, the trustee filed a complaint with this court objecting to the debtor's discharge pursuant to 11 U.S.C. § 727 on the ground of the debtor's alleged fraudulent concealment of his equitable interest in the single family dwelling that he transferred to his second wife. After the debtor's attorney withdrew from this case the trustee negotiated a settlement with the debtor's matrimonial counsel who appeared in this court as a substituted attorney. The settlement permitted the debtor and his wife to sell the house, as they had planned, on condition that the debtor's estate be paid $22,500.00, which amount represented the debtor's equitable interest in the house. This payment was made to the trustee in bankruptcy at the closing and, together with interest, comprises most of the $23,148.70 now on hand for disposition.

In determining the allowances to be made in this case consideration should be given to the fact that the administration expenses, other than allowances, together with all of the unsecured claims on file total $8,495.65, leaving $14,653.05 which should serve as the allowable contours for the applications for compensation.

The trustee in bankruptcy, Barbara Balaber-Strauss, created this estate when it was originally viewed as a no asset case. She performed her services diligently and most competently. Her maximum statutory commissions are computed to be $850, which sum should be awarded to her in full.

Barbara Balaber-Strauss retained herself as counsel for the trustee in bankruptcy, as she is authorized to do pursuant to 11 U.S.C. § 327(d). In this capacity she incurred reimbursable expenses of $344.00, which sum I find to be proper and reasonable and therefore, granted. This leaves $13,459.05 available as counsel fees for the remaining applications.

Barbara Balaber-Strauss has applied for an award of $16,562.50 as counsel for the trustee. Additionally, Sidney Turner seeks $9,928.16 as former attorney for the debtor. These applications total more than the size of the gross estate, which are obviously incapable of realization, even if well-founded.

█ The services performed by Barbara Balaber-Strauss were extremely beneficial to this estate, as evidenced by the fact that all of the creditors will be paid in full in what at first appeared to be a no asset case. Her legal services were rendered in a most professional manner and were performed in a skillful fashion. She was compelled to expend more time than might have been required because of the resistence encountered from the debtor's former attorney. It was not until the debtor substituted his matrimonial attorney that counsel for the trustee was able to obtain a complete picture by examining all of the records and then effecting a settlement. The trustee's counsel should not be penalized for this extra work, since it was necessary in the circumstances. Although counsel's time sheets may justify the $16,562.50 set forth in her application, the number of hours devoted to a case is only one factor in arriving at reasonable compensation; it is not the predominant consideration, since skill and experience may accomplish much in a short time, whereas some services are routine and ordinary while others involve complex and difficult issues. *See In re International Coins and Currency, Inc.,* 26 B.R. 256 (Bkrtcy.D.Vt.1982); *In re Absco, Inc.,* 23 B.R. 250 (Bkrtcy.E.D. Pa.1982). *See also Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) (twelve factor approach for determining reasonable fee award). Taking into consideration all of the twelve factors delineated in the *Johnson* case, I conclude that $12,750.00 is fair and reasonable compensation for the services performed by Barbara Balaber-Strauss, as counsel for the trustee, especially in light of the size of this estate and the funds available for compensation.

█ Sidney Turner, as attorney for the debtor seeks an award of $9,928.16. Originally his filed statement pursuant to former Bankruptcy Rule 219(b), reflected that his fee was to be paid by a corporation in which the debtor's second wife had an interest and for which corporation Mr. Turner had previously performed compensable services. However, it appears that this course was unavailable for the payment of his fee for this case, with the result that the Rule 219(b) statement was amended on September 23, 1982 so as to indicate that Mr. Turner received no monies from the debtor or any third party source and that he would look to this estate for his fee. The United States Trustee objects to the application of any funds from this estate towards the payment of Mr. Turner's fee on the ground that he allegedly hindered the trustee's performance in this case and did not cooperate with her for a complete disclosure of the debtor's affairs, thereby compelling the trustee to perform additional time-consuming services. Without ascertaining the merits of the United States

Trustee's position, which facially appears to be persuasive, especially since the debtor's attorney did not continue in this case to its conclusion, the debtor's counsel is entitled to compensation for the time required to prepare the debtor's bankruptcy petition and his attendance at the meetings of creditors. In this respect, Bankruptcy Judge George Brody observed in *In re Olen*, 15 B.R. 750 (Bkrtcy.E.D.Mich.1981), as follows:

> An attorney for the debtor is entitled to compensation for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bankruptcy; the actual preparation and filing of the petition, schedules of assets and liabilities, and the statement of affairs; and representing the debtor at the Section 341 meeting of creditors. *In re Kross*, 96 F. 816 (S.D.N.Y.1899). However, there is a consensus of opinion "that the work involved is often largely clerical or more in the nature of an accountant's work and warrants but a small fee for covering the true professional services." 3A Collier on Bankr., § 62.31, at p. 1604 (14th ed. 1975). Allowable compensation for such services normally range from between $350.00 and $450.00.

*Id.* at 752 (footnote omitted).

After having determined the trustee's counsel's beneficial services to the estate to be worth $12,750.00, there remains available the sum of $709.09, which amount is awarded to the debtor's former counsel for his participation in this case.

SUBMIT ORDER on notice.