**In the Matter of EMERGENCY BEACON CORPORATION, Debtor.**

**No. 85 Civ. 0135 (JMC).**

United States District Court, S.D. New York.

March 5, 1987.

Harvey S. Barr, Barr & Faerber, Spring Valley, N.Y., for trustee.

Laurence J. Kaiser, Kronish, Lieb, Weiner & Hellman, New York City, for Montmarco, Inc.

OPINION

CANNELLA, District Judge:

Judge Schwartzberg's Decision and Order dated October 26, 1984, awarding Har-

vey S. Barr, Esq. attorney's fees of $215,-000 and a trustee commission of $74,240.60 is affirmed.

## BACKGROUND

This case has a long and somewhat tortured history, and a complete recitation of the facts need not be repeated here.[1] Suffice it to say that on December 18, 1976, the Emergency Beacon Corporation ["EBC"] filed for bankruptcy under Chapter XI of the former Bankruptcy Act of 1898, as amended ["1898 Act"]. Appellant Montmarco, Inc. was EBC's largest unsecured creditor. Appellee Harvey S. Barr, Esq., was appointed Trustee and attorney for the Trustee. After several years of proceedings, appeals and negotiations with unsecured creditors, a Plan of Reorganization for EBC was confirmed.

The plan provides that unsecured creditors will receive 1.5% in cash over a period of seven years, or 10.5%, together with shares of EBC stock entitling them as a group to a pro rata distribution of 5% of EBC's annual gross income, until 100% distribution is achieved.

After the plan was confirmed, Mr. Barr sought attorney's fees in the amount of $255,442.50, which represented 1,702.95 hours billed at his customary charge of $150 per hour. He also sought a commission of $74,240.60 as trustee, pursuant to section 48(c)(2) of the 1898 Act. Judge Schwartzberg granted Barr the full commission requested and attorney's fees of $215,000. Montmarco now appeals from Judge Schwartzberg's decision.

## DISCUSSION

This case having originally been commenced under the 1898 Act, the award of attorney's fees falls under the standard found in former Bankruptcy Rule 219. Under that rule, courts awarding attorney's fees were directed to give "due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors." Judge Schwartzberg character-

ized this standard as "one of reasonableness." *In re Emergency Beacon Corp.,* 43 B.R. 672, 675 (Bankr.S.D.N.Y.1984). Although reasonableness might have been the standard in reviewing the fees requested, "[c]onservation of the estate became the predominant factor" in determining the award. *See* Butenas, *Establishing Attorney's Fees Under the Bankruptcy Code,* 37 Bus.Law. 77, 77 (1981); 3A *Collier on Bankruptcy* ¶ 62.12[5], at 1483–91. Collier states that "[e]conomy is the most important principle [in granting attorney's fees].... However, 'economical' is by no means synonymous with 'parsimonious' and should not exclude a compensation that is under all the circumstances of the case fair and reasonable." *Id.* at 1483.

The awarding of attorney's fees by a bankruptcy judge is normally a matter within his sound discretion and a reviewing court should be "reluctant to overturn the determination unless it can be shown that the allowance was arbitrary and unreasonable." *In re Paramount Merrick, Inc.,* 252 F.2d 482, 485 (2d Cir.1958). The assessment of attorney's fees should not be interfered with "absent a clear abuse of discretion." *In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925, 943 (2d Cir.1979) (citing *Dickinson Co. v. Cowan,* 309 U.S. 382, 389, 60 S.Ct. 595, 599, 84 L.Ed. 819 (1940)); *In re West Counties Const. Co. McCarthy v. West Counties Const. Co.,* 182 F.2d 409, 411 (7th Cir.1950) (award not disturbed absent "clear abuse of discretion manifesting a disregard of right and reason").

The parties' arguments can be summarized as follows. Barr states that Judge Schwartzberg's award constitutes a "finding of fact" that cannot be disturbed unless found to be clearly erroneous. Brief of Appellee Harvey S. Barr at 12–16, 85 Civ. 1035 (S.D.N.Y. Oct. 15, 1985). Montmarco argues that the "principle of economy" underlying awards pursuant to the 1898 Act dictate that Barr's award be cut dramatically in order to provide more for the unsecured creditors. Neither argument is wholly persuasive.

---

1. For a fuller explanation of the background facts, see 27 B.R. 757 (Bankr.S.D.N.Y.1983); 52

B.R. 979 (Bankr.S.D.N.Y.1985); 665 F.2d 36 (2d Cir.1981); 666 F.2d 754 (2d Cir.1981).

■ The Court disagrees with Barr's assertion that Judge Schwartzberg's award constitutes a finding of fact subject to review under a "clearly erroneous" standard. Apart from the obvious, i.e., the Judge reviewed Barr's time sheets to ensure that they totaled the hours claimed, nothing else suggests that his award was in any way intended as a finding of fact. As the cases indicate, Judge Schwartzberg was obligated to review Barr's requests, to determine to what extent they were reasonable, and to exercise his sound discretion in fixing an award to be paid from the debtor's estate. Thus, the Court will review Judge Schwartzberg's decision utilizing an abuse of discretion standard.

As for Montmarco's argument, the Court must determine whether Judge Schwartzberg's award and rationale so departed from applicable legal standards as to constitute an abuse of discretion. It is clear from reading Judge Schwartzberg's decision that the factor he relied upon most heavily was that of the results achieved by the Trustee. The Judge traced the long history of bankruptcy proceedings before him, dating as far back as 1976, as well as the litigation prompted by Montmarco, which, as the largest unsecured creditor, had much at stake in any reorganization of EBC. He noted how Barr successfully defended EBC against efforts by Montmarco to impose liens upon its property in order to secure its claim. The Judge concluded:

In short, the trustee's attorney prevented [Montmarco] from wholly swallowing the debtor's business and then saved its vital pieces, either through litigation or negotiation, while staving off competitors from encroaching upon the remains. During this time the trustee and the debtor's management were able to turn the debtor around financially from a losing situation to a profitable business, whose products are endorsed by the Federal Aviation Administration.

43 B.R. at 676.

Judge Schwartzberg further noted that the trustee had "shepherded the debtor's reorganization plan through the Chapter XI requirements and ultimately succeeded in obtaining an order of confirmation." *Id.*

Montmaco makes much of the Judge's finding that "the unsecured creditors will receive a minimum of 10.5% [of their claims] plus shares which will pay 5% of the debtor's annual gross income until a 100% return is accomplished." *Id.* Montmarco argues that granting essentially 100% of the requested attorney's fees under these circumstances ignores the pervasive "principle of economy" in the determination of such awards. But it is clear that "the 'economic spirit' of the [1898 Act] [sought] to curtail unnecessary expenses." *In re Merrick*, 252 F.2d at 485. Judge Schwartzberg scrutinized Barr's request and found the number of hours spent to be eminently reasonable in light of the years of protracted litigation as well as the planning and confirmation of a plan of reorganization, which was accepted by the majority of unsecured creditors. He did, however, adjust the hourly rate of compensation as follows: $125 per hour for the years 1977 to 1980; $135 per hour for 1980 and 1981; and $150 per hour for all times thereafter. 43 B.R. at 677. Having calculated a "lodestar" amount[2] of $245,000, Judge Schwartzberg deducted $30,000 from the fee because that amount was to be paid by Montmarco as a result of litigation initiated by it. Therefore, he concluded that Barr should be reimbursed $215,000 from the estate of the debtor.

■ With Judge Schwartzberg having concluded that Barr diligently, competently and conscientiously worked on EBC's behalf through ten years' of protracted bankruptcy proceedings and related litigation, the Court is in no position to reevaluate his quality of representation, and the results obtained." *Id.* Under this analysis, Judge Schwartzberg's award of the lodestar figure, with some minor adjustments, cannot be considered an abuse of discretion.

---

2. The "lodestar" amount "is the number of hours reasonably spent by each attorney multiplied by his reasonable hourly rate. *Boston and Maine Corp. v. Moore*, 776 F.2d 2, 7 (1st Cir. 1985). This amount "can then be adjusted up or down to reflect a variety of facts, such as …

carefully considered decision regarding attorney's fees. The "principle of economy" to be applied to awards of attorney's fees under the 1898 Act relates principally to extravagant and wasteful spending by the trustee's attorney and not to those hours and efforts for which reasonable compensation is sought. This factor was adequately considered by Judge Schwartzberg. The results achieved by a trustee are not limited to the percentage recouped by unsecured creditors on their claims, but include the overall result for the debtor's estate itself. In the instant case, unsecured creditors will receive a minimum of 10.5% after seven years and may ultimately collect 100% of their claim. Judge Schwartzberg noted that the unsecured creditors were in a far better position than if "the debtor [had] remained in straight bankruptcy following the original aborted Chapter XI case," a circumstance avoided by Barr's efforts. 43 B.R. at 676. Furthermore, Judge Schwartzberg concluded that Barr's efforts had "manifestly" resulted in a successful reorganization of EBC into an ongoing and profitable concern, and that in light of the original obstacles to such a result, Barr should be reimbursed for all his reasonable attorney's fees. Such a conclusion by Judge Schwartzberg does not amount to "a clear abuse of discretion."

Judge Schwartzberg also decided that, because of Barr's "highly capable and successful efforts," Barr was entitled to the maximum double commission provided for by the 1898 Act in the amount of $74,240.60. 43 B.R. at 678. For all of the foregoing reasons, this decision by Judge Schwartzberg is likewise affirmed.

### CONCLUSION

Judge Schwartzberg's Decision and Order dated October 26, 1984, awarding Harvey S. Barr, Esq. attorney's fees of $215,000 and a trustee commission of $74,240.60 is affirmed.

SO ORDERED.