In the Matter of NINE ASSOCIATES, INC., Debtor.

In the Matter of (212) STUDIOS, INC., Debtor.

No. 87 Civ. 2281 (RWS).

United States District Court, S.D. New York.

Aug. 7, 1987.

Harris D. Leinwand, New York City, for Robert Nemiroff.

Platzer, Fineberg & Swergold, New York City, for Unsecured Creditors of Nine Associates, Inc.; Ira L. Herman, of counsel.

## OPINION

SWEET, District Judge.

Harris D. Leinwand ("Leinwand"), counsel to Robert Nemiroff ("Nemiroff"), shareholder of Nine Associates ("Debtor"), together with Nemiroff appeals as insufficient the Bankruptcy Court's opinion and order granting in part and denying in part his application for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 503 (b)(3)(d) and 503(d)(4). For the reasons set forth below, the opinion and order below are affirmed.

*Facts and Prior Proceedings*

In this bankruptcy proceeding under Chapter 11 of the Bankruptcy Code, Debtor's principal asset consisted of land and a building at 48th Street, Long Island City, New York. The property had encumbrances of a long-term lease and an option to purchase for $6,750,000 held by the lessee.

In response to creditors' demands, Debtor filed a plan calling for sale of the building to the lessee at the option price. Nemiroff objected on grounds that the option price did not suffice, considering the market value of the property, which he alleged to be millions of dollars above the option price. Leinwand, on behalf of Nemiroff, convinced Debtor to file a motion to reject the option. The creditors' committee then objected and filed its own plan and disclosure statement paralleling that previously filed by Debtor.

Leinwand assisted Debtor's counsel in preparation for the hearing on the motion and attended the hearing. Although an option agreement normally is not executory, since the only remaining duty is for one side—the optionee—to pay money should he choose to exercise his option, Debtor developed a substantial argument at the motion hearing: that the option was contingent upon its holder complying with

the lease, thus potentially establishing a duty of performance beyond the mere payment of money, which would make the agreement an executory one.

The parties settled the matter during a recess at the hearing, agreeing that the motion would be dismissed with prejudice and the property sold for $200,000 above the option price, with $100,000 to go to Debtor's shareholders. The creditors' committee amended its plan to reflect the arrangement. While the remaining $100,000 increased the return to unsecured creditors, it did so by less than 10%.

The court confirmed the plan and counsel to the various parties proceeded to apply to the court for fee awards for their services. Leinwand submitted an application pursuant to § 503(b)(4) of the Bankruptcy Code, requesting an award of $24,540 and reimbursement of expenses of $158.75.

In an opinion and order dated March 13, 1987, the Honorable Howard C. Buschman III awarded Leinwand $2,250 in fees at a rate of $150/hour as reasonable compensation for his services in light of the benefit inured to the creditors. Judge Buschman assessed Leinwand's award as fifteen hours of compensable services—services directly related to Leinwand's convincing the Debtor's directors to relinquish the initial plan for Nine Associates' property. The cut-off date of November 10, 1986 signifies the date that the Debtor's directors reversed their position with regard to sale of Nine Associates' major asset at an option price well below its market value.

*Standard of Review*

Rule 8013 of the Rules of Bankruptcy Procedure provides that on appeal the district court should set aside findings of fact only if clearly erroneous, and should give due regard to the Bankruptcy Judge's opportunity to assess the witnesses' credibility.

Case law elaborates on the bankruptcy rule, expressing the rarity of justified reversals: "The court should not lightly disturb a referee's determination of fact and it is only when there is no evidence whatsoever to sustain his findings, that a reversal is justified...." *In re Savarese,* 56 F.Supp.

927, 928 (E.D.N.Y.1944); *see also In re Sussman,* 88 F.Supp. 230, 232 (S.D.N.Y. 1950) (only "glaring error" justifies reversal). More recently, this court has held specifically:

[t]he standard of review on an appeal of a fee award from a bankruptcy court to a district court is that the decision will be affirmed unless the bankruptcy judge has abused his discretion—i.e., failed to apply proper procedures on legal standards, or made factual findings that were clearly erroneous.

*In re Ferkauf Inc.,* 56 B.R. 774, 775 (S.D. N.Y.1985) (*citing Matter of Futuronics Corp.,* 655 F.2d 463, 471 (2d Cir.1981)); *Matter of First Colonial Corp. of America,* 544 F.2d 1291, 1298 (5th Cir.1977); *see In re Emergency Beacon Corp.,* 71 B.R. 117, 119 (S.D.N.Y.1987).

*Allowance and Reasonability of Fee Awards*

Section 503 of the Bankruptcy Code grants the court power to order payment of fees from the debtor's estate to compensate counsel who have made a substantial contribution to the case. In *In re Sapphire SS Lines Inc.,* 509 F.2d 1242 (2d Cir.1975), the Second Circuit affirmed the general rule that the fees of counsel to individual creditors are not paid from the bankruptcy estate but acknowledged the power accorded by § 503 and explicated the three requirements necessary to create an exception to the general rule: first, that the trustee has refused or neglected to act; second, that applicant's efforts conferred a tangible benefit on all creditors; and third, that the bankruptcy court have formally authorized the attorney to act instead of the trustee. *See In re American Exp. Warehousing Ltd.,* 525 F.2d 1012, 1016 (2d Cir.1975) (explicitly re-affirming the *Sapphire* standards); *see also In re General Oil Distributors Inc.,* 51 B.R. 794, 806 (Bkrtcy.E.D.N.Y.1985) (creditor's attorney must ordinarily look to own client for payment unless attorney conferred significant benefit on estate and all creditors).

The Bankruptcy Court Judge enjoys broad discretion, both in deciding whether to allow compensation and in determining the amount of compensation. Although in

an effort to attract professionals of the highest caliber, the Code consciously abandons the spirit of economy which once dominated the Bankruptcy Court, protection of creditors' rights and interests, including available assets, remains of highest priority and always deserves careful consideration in the administration of estates. The Bankruptcy Code specifies the following factors upon which to base compensation determinations:

> The time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title ...

11 U.S.C. § 503(b)(4).

■ In a 1974 civil rights case the Fifth Circuit articulated a twelve factor approach for determining reasonable fee awards. These guidelines have been widely adopted in the Bankruptcy Courts. They are:

1) Time and court's labor required;
2) novelty or difficulty of the questions;
3) skill required to perform the service properly;
4) preclusion of other employment due to acceptance of case;
5) customary fee;
6) whether the fee is fixed or contingent;
7) time limits imposed by client or circumstance;
8) amount involved and results obtained;
9) attorney's experience, reputation and ability;
10) undesirability of case;
11) nature and length of professional relationship with client, and
12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); *see In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212 (Bkrtcy.S.D.N.Y.1986); *In re Emergency Beacon Corp.*, 43 B.R. 672, 675 (Bkrtcy.S. D.N.Y.1984); *In re Charles B. Chriss*, 38 B.R. 655, 657 (Bkrtcy.S.D.N.Y.1984).

Appellant takes issue with various points in Bankruptcy Judge Buschman's opinion, objections either groundless or with scant relevance to the reasonability of the award. With the twelve *Johnson* factors in mind, the Bankruptcy Court has wide-ranging discretion as to when to compensate counsel and how much to allow.

■ Judge Buschman found that Leinwand had made a substantial contribution to the creditors of Nine Associates, thus allowing him compensation from the bankrupt estate and exercised his discretion in determining an appropriate rate of compensation and a suitable total award, on the basis of past experience in making such determinations and the particular circumstances of this case. In spite of Leinwand's "substantial contribution," the actual financial benefit conferred upon the creditors was limited.

*Conclusion*

For the foregoing reasons, Judge Buschman's opinion and order are affirmed.

IT IS SO ORDERED.