**In re CENTENNIAL INDUSTRIES, INC., Debtor.**

**CENTENNIAL INDUSTRIES, INC., Plaintiff,**

v.

**NCR CORPORATION, Defendant.**

**Bankruptcy No. 78 B 1658.**

United States Bankruptcy Court, S. D. New York.

June 24, 1981.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for debtor.

Booth, Lipton & Lipton, New York City, for defendant.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Defendant's motion to dismiss the complaint asks this Court to determine whether an adversary proceeding seeking recovery of preferential payments and improper transfers of debtor's property can be brought after a plan of arrangement in a Chapter XI proceeding is confirmed. After review of the argument presented on July 30, 1980, the papers submitted by counsel, the statutes, and the interpretive case law, this Court denies defendant's motion to dismiss.

Centennial Industries, Inc., (Centennial) filed a petition under Chapter XI of the Bankruptcy Act on September 13, 1978. Centennial listed NCR's claim as $910,-501.83 on its schedule of claims, and defendant filed a proof of claim for $1,024,850.01.

On March 13, 1980 this Court entered an order confirming a plan of arrangement providing for a 20% payment to unsecured creditors this year, and an additional 15% payable over the next five years at 3% per annum, and for objections to claims to be made within 60 days.

On April 24, 1980 plaintiff filed a complaint objecting to defendant's claim, seeking recovery of preferential payments under 57(g) of the Act, and recovery of commissions belonging to plaintiff which it claimed were wrongfully appropriated by defendant and are voidable transfers under section 70(a)(6), and recoverable under section 57(g). Section 57(g) states,

> "The claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments, or encumbrances, void or voidable under this Act, shall not be allowed unless such creditors shall surrender such preferences,

liens, conveyances, transfers, assignments or encumbrances."

NCR raises three arguments in its motion to dismiss. NCR contends that the Bankruptcy Court lacks jurisdiction, recovery of preferential transfer will give Centennial a windfall, and that plaintiff lacks standing to bring this adversary proceeding. For the reasons to be stated below, this Court finds that none of these objections bar the bringing of this adversary proceeding to recover a preference post-confirmation.

Defendant contends that after confirmation of a plan this Court does not retain jurisdiction to determine an adversary proceeding to recover preferential payments. Defendant states that absent specific retention of jurisdiction, this Court cannot adjudicate an adversary proceeding such as this Section 367(4) of the Act specifically provides that on "confirmation of an arrangement ... except as otherwise provided in sections 369 and 370 of this Act, the case shall be dismissed." Neither section 369 or section 370 deals with adversary proceedings to recover preferential transfers. While section 368 allows the court to retain jurisdiction, if so provided in the arrangement, NCR declares that no jurisdiction was retained to recover preferential transfers.

■ It is the opinion of this Court that jurisdiction was specifically retained in the plan to determine this adversary proceeding. The order confirming the plan allowed objections to claims to be made within sixty days. From this the court finds that it retained jurisdiction to hear all claims objecting to the allowability of a claim. Defendant argues that there is a distinction between a mere "objection" to claim and an adversary proceeding seeking recovery of alleged preferential transfers. Thiscourt finds it a distinction without a difference.

■ The Supreme Court in *Katchen v. Landy*, 382 U.S. 323, 330, 86 S.Ct. 467, 473, 15 L.Ed.2d 391 (1965) when considering whether an action under section 57(g) is subject to summary adjudication by a bankruptcy court, the Supreme Court stated, "The objection under 57g is, like other objections, part and parcel of the allowance process and is subject to summary adjudication." This court holds that a retention of jurisdiction to hear objections to claims is a retention of jurisdiction to hear all controversies affecting the allowance process including a 57(g) objection.

Furthermore, a close reading of the objection to claims clause, in the order confirming the plan, seems to indicate a retention of powers broader than those merely to hear objections to claims. The clause states, "Objection to claims may be made ... and upon the failure to do so, *any objection to the allowance of any claim* shall be deemed waived." The clause doesn't state that "any objection to claim shall be deemed waived" but it states "any objection to the allowance of any claim" meaning that the court retains specific jurisdiction to hear any objection affecting the allowance of the claim, and 57(g) affects the allowance of the claim by requiring the creditor to repay the preference before his claim will be allowed.

Defendant's citation to *In re Oceana International, Inc.*, 376 F.Supp. 956 (S.D.N.Y. 1974) and to *Law Research Service, Inc., v. Hemba*, 384 F.Supp. 729 (S.D.N.Y.1974) where the court found no jurisdiction after confirmation, does not advance its position. In those cases the court found that the plan did not provide for retention of jurisdiction, while in this case the confirmation did retain specific jurisdiction for objections under 57(g). This case is more in line with *Texas Consumer Finance Corp. v. First National City Bank*, 365 F.Supp. 427 (S.D.N.Y. 1973) in which post confirmation jurisdiction to recover a preferential payment was upheld, because the plan provided for retention of jurisdiction. As the court stated, "If the debtor-in-possession has the powers of a trustee and if jurisdiction is specifically retained in the plan, the order of confirmation should not be the occasion for a windfall to the preferential transferee." *Id.* at 432.

NCR next argues that the purpose of section 57(g) of the Act is to increase the amount of recovery of unsecured creditors

by the amount recovered from the preference. And since in this case the amount to be recovered by the unsecured creditors is fixed by the plan and will not increase if debtor recovers the preference, then 57(g) is not applicable.

■ This Court does not agree with such an interpretation. This Court holds that as long as the unsecured creditors receive some benefit from the recovery of the preference, even if it is not an increase in the amount the creditors will receive, 57(g) will apply. In this case any recovery by Centennial will increase the likelihood of the creditors receiving their future payments. Therefore, a recovery under 57(g) is permitted. Defendant relies on *Whiteford Plastics Co., v. Chase National Bank*, 179 F.2d 582, 584 (2d Cir. 1950) where Judge Hand wrote, "The debtor never contributed or offered to contribute this value to the plan and now seeks to obtain it purely for its own benefit. This we think it cannot do." Defendant fails to recognize the difference between the *Whiteford* case and this case. In the very next paragraph, Judge Hand articulated the key factor, for in that case, "the creditors have received cash or stock for their claims, and there is no reason to safeguard their rights further." In Centennial's case the plan calls for payments over five years and this Court therefore has reason to protect further the rights of the creditors to insure that there are sufficient assets for the debtor to meet his obligations. While it is true that the Court had found the plan feasible when it was confirmed, a finding of feasibility is far short of a guarantee of the consummation of the plan. The recovery of this preference will be additional security for the fulfillment of the debtor's plan.

Likewise NCR's reliance on *In re Oceana International, Inc.*, 376 F.Supp. 956 (S.D.N.Y.1974) is ill founded, since that case also called for a single 10% distribution to creditors and there was no reason for the court to further protect creditors' interests. As previously stated, this case calls for payments over five years, so this Court has reason to further protect the interests of the creditors, and to allow recovery of the preference.

This Court also finds persuasive the reasoning in *City National Bank & Trust Co. v. Oliver*, 230 F.2d 686 (10th Cir. 1956). In that case, similar to the instant case, the debtor was making payments under his plan over a period of time. The Court found that it would be to the benefit of the creditors to allow the debtor to retain possession of a television set, since in the event that the debtor defaulted on his plan, the creditors would benefit by having the television part of the assets of the debtor. Here too, the recovery of the preferential transfer will benefit the unsecured creditors if the debtor should default on his plan since the amount of available assets would be increased.

■ Finally, NCR contends that a debtor does not have standing to assert the right to set aside a preferential transfer after confirmation. It is undisputed that a debtor-in-possession has the power to set aside voidable transfers. See *In re Martin Custom Made Tires Corp.*, 108 F.2d 172 (2d Cir. 1939). However, defendant claims that the powers of debtor-in-possession cease after the plan is confirmed.

■ Defendant cites no cases which specifically states that the powers of the debtor-in-possession terminate after confirmation. The court in *Martin, Id.* at 173, which defined the powers of a debtor-in-possession stated, "A debtor-in-possession holds its powers in trust for the benefit of the creditors. The creditors have the right to require the debtor-in-possession to exercise those powers for their benefit." Now that this Court has established that in this case the recovery of the preferential transfer would be beneficial to the creditors even after the confirmation, we find no reason to hold that the rights of this debtor-in-possession cease until consummation of the arrangement.

This case is similar to *Texas Consumer Finance Corp. v. First National City Bank*, *supra*. There the court found that the debtor retained rights as debtor-in-posses-

sion since the Court's order provided that the debtor would continue in possession and continue operation of the business. Additionally, the Court found that any recovery would be beneficial to the creditors. Here too, the arrangement provides for the debtor to continue operations of the business, and here too, voidance of the preferential transfer will be beneficial to the creditors.

For all of the foregoing, this Court denies the motion of NCR to dismiss Centennial's complaint under Section 57(g) of the Bankruptcy Act.

It is so ordered.