**In the Matter of IOTA INDUSTRIES, INC., Bankrupt.**

**Bankruptcy No. 77 B 1993 (EJR).**

United States Bankruptcy Court, S.D. New York.

Dec. 30, 1983.

---

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for Trustee in Bankruptcy.

Schoeman, Marsh, Updike & Welt, New York City, for The Committee Cabaret.

## MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On July 25, 1977, Iota Industries (Industries) filed a voluntary petition pursuant to Chapter IV of the Bankruptcy Act. A trustee was appointed on August 7, 1978.

Because Industries had listed Committee Cabaret (Committee) on its Schedule of Liabilities, Committee on September 6, 1977 filed Claim No. 20 as a general unsecured creditor for $7,500 plus interest owed on a promissory note. When the note became due and owing, Committee filed on August 1, 1978 a second claim, Claim No. 47, for the same amount.

This promissory note was part of the settlement of the law suit Committee had filed in the California Superior Court against Industries and Iota Entertainment (Entertainment).[1] The suit was for an accounting of moneys owed on a distribu-

tion contract between Committee and Entertainment. The settlement agreement was signed by both Industries and Entertainment on October 1, 1974. However, only Entertainment signed the promissory note.

On June 30, 1983, the trustee filed an objection to Committee's claims. The trustee's objection is that Committee is a creditor of Entertainment, not of Industries. The trustee maintains that since Entertainment is the only signatory on the promissory note, Committee should look solely to Entertainment for payment. He asserts that neither he nor Industries did anything that could have led Industries to believe Industries was obligated to pay on Entertainment's account. He further argues that Entertainment was not part of the bankruptcy proceedings and was at all relevant times a separate company with funds to pay the note.

On the other hand, Committee claims that because of the controls Industries exercised over the affairs and management of Entertainment, a merger of interests between Industries and Entertainment took place, whereby Industries assumed the obligations of Entertainment. In furtherance of this contention, Committee claims that at or about the time Industries changed its name, it also changed Entertainment's name;[2] that four of Entertainment's six directors were also directors or officers of Industries; that Industries signed the settlement agreement and that Industries listed Committee as the non-contingent creditor of Industries. Committee argues that given this merger of interests, it is correct in looking to Industries for payment.

The trustee has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 756 of the Rules of Bankruptcy Procedure. On August 8, 1983, an oral hearing was held before the court to determine whether the

---

1. Entertainment was a wholly owned subsidiary of Iota Industries, having common offices and common directors. On April 14, 1982, the estate sold Iota Entertainment to Redwood Investors, Syndicate.

2. Iota Industries was formerly Commonwealth United Corporation. Iota Entertainment was formerly Commonwealth United Entertainment.

trustee's motion for summary judgment should be granted.

Summary judgment is appropriate only when there is no genuine "issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Federal Rules of Civil Procedure 56(c). The party seeking summary judgment has the burden of demonstrating the absence of any material factual issue in dispute. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (1980). The court in determining whether to grant a summary judgment motion must resolve all doubts in favor of the party opposing the motion. *Quinn,* 613 F.2d at 445, *citing Heyman v. Commerce and Industry Co.,* 524 F.2d 1317, 1320 (2d Cir.1975). In a motion for summary judgment, the court cannot try issues of fact. It can only determine whether there are issues of fact to be tried. *Jaroslawicz v. Seedman,* 528 F.2d 727, 731 (2d Cir.1975).

It is apparent that in this situation there is a material issue of fact as to whether Industries did assume or led Committee to believe it assumed Entertainment's obligation on the promissory note. Accordingly, an evidentiary hearing on this issue is necessary.

The motion is denied. It is so ordered.