In re JOIN–IN INTERNATIONAL (U.S.A.) LIMITED, Republic Sportswear Corp., H.K. Enterprises, Inc. f/k/a New York Sportswear Exchange, Inc. and Yorkshire International (U.S.A.), Limited, Debtors.

JOIN–IN INTERNATIONAL (U.S.A.) LIMITED and H.K. Enterprises, Inc. f/k/a New York Sportswear Exchange, Inc., Plaintiffs,

v.

NEW YORK WHOLESALE DISTRIBUTORS CORP. a/k/a N.Y.W.D. Corp. and Robert N. Robbins, Defendants.

Bankruptcy Nos. 83 B 11324 (PBA) and 83 B 11321 (PBA) to 83 B 11323 (PBA).
Adv. No. 84–5561A.

United States Bankruptcy Court, S.D. New York.

Jan. 7, 1986.

the new value rule of section 547(c)(4) is not limited to new value that is unpaid.

Anderson Russell Kill & Olick, P.C., New York City, for plaintiffs; Andrew P. Brozman, of counsel.

Rogers Hoge & Hills, New York City, for defendants; James N. Blair, of counsel.

Ballon, Stoll & Itzler, New York City, for New York Wholesale Distributors Corp., debtor-in-possession.

DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT ROBBINS' MOTION FOR DISMISSAL AND DENYING DEFENDANT NYWD'S MOTION FOR JOINDER OF WILLIAM LO AND FOR LEAVE TO SERVE A THIRD–PARTY COMPLAINT

PRUDENCE B. ABRAM, Bankruptcy Judge:

On September 14, 1983 involuntary petitions under Chapter 7 of the Bankruptcy Code were filed against Join-In International (U.S.A.) Limited ("Join-In"), Republic Sportswear Corp. ("Republic"), H.K. Enterprises, Inc. f/k/a New York Sportswear Exchange, Inc. ("NYSE"), and Yorkshire International (U.S.A.) Limited ("Yorkshire") (collectively the "Join-In Debtors"). Before the entry of any order for relief and on November 8, 1983 each of the Debtors filed a petition for reorganization under chapter 11. Thereafter, and on September 17, 1984, a plan of reorganization was confirmed for the Join-In Debtors.

This adversary proceeding was commenced on May 8, 1984 by two of the Join-In Debtors, Join-In and NYSE (collec-

tively the "Plaintiffs"), against New York Wholesale Distributors Corp. a/k/a N.Y. W.D. Corp. ("NYWD") and Robert N. Robbins ("Robbins"), the sole shareholder of NYWD and, together with his wife, one of the two directors and officers of NYWD. The Plaintiffs seek to avoid under Sections 544 and 548 of the Bankruptcy Code certain transfers made to NYWD pursuant to an agreement dated September 2, 1983, which date precedes the filing of the involuntary petitions by less than two weeks. The claims against Robbins allege that the transfers were made directly or indirectly, in whole or in part for the benefit of Robbins and are also voidable as against him. Judgment was sought declaring the transfers null and void and directing return of the property transferred or its value.

On June 11, 1984 NYWD filed an answer denying the essential allegations of the complaint. The answer also asserted two affirmative defenses. The first was that the complaint failed to state a claim upon which relief may be granted. The second affirmative defense alleged that the Join-In Debtors had filed their Chapter 11 petitions in bad faith in that their principal motivation was the opportunity to seek relief under Code §§ 544, 548 and 550. It further stated that any relief obtained in the adversary proceeding would inure solely to Plaintiffs and their shareholders and not to the benefit of creditors and asserted that the court lacked jurisdiction to grant the relief requested. At the same time, and prior to answering, Robbins moved pursuant to Bankruptcy Rules 7009 and 7012(b) and Fed.R.Civ.Proc. 9 and 12(b) for an order dismissing the complaint against him on the ground that it failed to state a claim upon which relief may be granted.

On July 2, 1984, the Plaintiffs filed a motion seeking summary judgment in their favor against NYWD on the five counts directed at NYWD and alternatively seeking to strike NYWD's affirmative defenses as insufficient. In addition, the Plaintiffs sought leave to amend the complaint to add claims objecting to the proof of claim filed by NYWD in the Join-In cases and adding certain other debtors as plaintiffs. The Plaintiffs also opposed Robbins' motion.

Simultaneously with filing on August 13, 1984 of an affidavit in opposition to the summary judgment motion, the Defendants moved pursuant to Bankruptcy Rule 7019 for an order seeking to join William Lo ("Lo"), Phillip Black ("Black") and Business Resources Technologies, Inc. ("Resources") as parties defendant and requiring the Plaintiffs to serve and file an amended complaint upon the grounds that those parties may be liable to the Plaintiffs under Code § 550(a) and that joinder was necessary to dispose of all claims by and between all parties in one action and for the just adjudication of the claims. Leave was also sought pursuant to Bankruptcy Rule 7014 to serve a third party complaint on those parties.

As previously indicated, the Join-In Debtors' plan of reorganization was confirmed by order signed September 17, 1984. The order of confirmation provided for retention of jurisdiction for, *inter alia,* the determination of adversary proceedings then pending. General unsecured claims, other than the so-called Allowed New Lender and Restructuring Lender Claims, were to be paid in full in cash. The interests of Activewear, N.V., the sole shareholder, as equity security holder were left unimpaired. The Allowed New Lender Claims were the subject of a settlement agreement and those claims received a share in a fund substantially smaller than the face amount of the claims. The confirmed plan provided for no payment of any nature to the holders of Restructuring Lender Claims because those claims were by contract subordinated to the New Lender Claims pursuant to various inter-creditor agreements.

On November 13, 1984, NYWD itself filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Coincidentally, the NYWD case was randomly assigned to the undersigned. NYWD promptly asserted that the automatic stay of Code § 362 prevented the court from determining the motion for summary judgment against it as well as the joinder mo-

tion. However, NYWD indicated that in its view the court was free to determine Robbins' motion for dismissal.

It was apparent that in some fashion, whether in the present adversary proceeding or upon an objection to a claim filed in the NYWD Chapter 11 case, the merits of the dispute would have to be reached. Consequently, by stipulation and order dated December 18, 1984, this court modified the automatic stay in the NYWD case to allow the prosecution of this adversary proceeding. The modification allows the adversary proceeding to "proceed through and including judgment, if any, against NYWD but not inclusive of execution upon such judgment, if any".

On December 6, 1984, by order of the court, and on consent, the Defendants' motion seeking relief against Black and Resources was denied and the proposed third-party complaint was dismissed with prejudice as against Black and Resources. The dismissal was deemed an adjudication on the merits in favor of Black and Resources. However, the Defendants' motion against Lo was reserved.

▆ A trustee or debtor in possession has the power to avoid any transfer of property in which the debtor has an interest made within one year of the filing of the bankruptcy petition provided the criteria of Code § 548 are met. The Plaintiffs in this case do not contend that the transfer to NYWD was made with "actual intent to hinder, delay or defraud" creditors. Therefore the transfer can be avoided only under Code § 548(a)(2). This section establishes a "standard of constructive fraud". *Consove v. Cohen (In re Roco Corporation),* 701 F.2d 978, 981 (1st Cir.1983). This "enables the trustee to avoid any transfer in which the debtor 'received less than a reasonably equivalent value in exchange for such transfer' *and* 'was insolvent on the date [of such transfer]' or became insolvent as a result of such transfer." *Id.* (emphasis added). *See also,* 4 *Collier on Bankruptcy* (15th Ed. 1984) (hereafter "Collier"), ¶ 548.03 at 548–43 to 548–47. Unless these two conditions are

present the transaction is not avoidable under Code § 548. *See, Curtina International, Inc. v. Plymouth Enterprises, Inc. (In the Matter of Curtina International, Inc.),* 23 B.R. 969, 973–74 (Bktcy S.D.N.Y. 1982).

Based on the facts as found below and for the reasons which follow, the Plaintiffs' motion for summary judgment will be denied. Robbins' motion for dismissal of the complaint against him will also be denied, as will the Defendants' motion for joinder of Lo.

Summary judgment is appropriate only when there is no genuine "issue as to any material facts and the moving party is entitled to judgment as a matter of law." *In the Matter of Iota Industries, Inc.,* 35 B.R. 693, 695 (Bktcy S.D.N.Y.1983); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980); *Grand Union Co. v. Cord Meyer Development Corp.,* 735 F.2d 714, 717 (2d Cir.1984); *Federal Rules of Civil Procedure* 56(c). It is the burden of the party who seeks the grant of summary judgment to demonstrate "the absence of any material factual issue genuinely in dispute". *In re Tampa Chain Company, Inc.,* 35 B.R. 568, 573 (Bktcy S.D.N.Y.1983). *See also United States v. One Tintoretto Painting,* 691 F.2d 603, 606 (2d Cir.1982); *Quinn v. Syracuse Model Neighborhood Corp., supra.* In determining whether to grant a summary judgment motion the court "must resolve all doubts in favor of the party opposing the motion". *In the Matter of Iota Industries, Inc.,* 35 B.R. at 695 (Bktcy S.D.N.Y.1983). *See also Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). The court's function with respect to the motion for summary judgment is not to try issues of fact but to determine "whether there are issues of facts that need to be tried." *Schering Corp. v. Home Insurance Company,* 712 F.2d 4, 9 (2d Cir.1983) *quoting Heyman v. Commerce and Industry Co.,* 524 F.2d 1317, 1320 (2d Cir.1975); *See Katz v. Goodyear Tire and Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984); *In the Matter of Iota Industries, Inc., supra.* In a sum-

mary judgment motion the "key is issue-finding, not issue-resolution". *United States v. One Tintoretto Painting,* 691 F.2d at 606.

■ Considering the facts as presented, it is clear that there are disputed issues of fact concerning the September 2, 1983 transaction, including the amount and fairness of the consideration given. The essence of the Plaintiffs' complaint is an assertion that NYWD paid less than a fair consideration for the assets it acquired pursuant to the September 2, 1983 agreement. A major part of the assets consisted of inventory bearing the "New York Sportswear Exchange" label. The Plaintiffs state, without substantial opposition, that based on NYWD's records NYWD resold during the period through January 1984 some 209,938 units, or 91.3% of the inventory transferred, for the gross amount of $1,494,443.17. By the Plaintiffs' calculation this is 374% of the consideration paid by NYWD. The Plaintiffs

> "submit that, as a matter of law, a transferee that reaps a 370% gross return on a pre-petition transfer with a debtor is a party to a voidable fraudulent conveyance * * * " Affidavit of Paul D. Christian sworn to June 26, 1984 at 9–10.

The Defendants counter that the inventory was in close-out condition in that it consisted of broken lots. In the affidavit of Robbins sworn to August 8, 1984, he calculates that NYWD made a profit of only a "disappointing 13.4%" on the transaction (Affidavit at 18) after taking account of the amounts paid to the Plaintiffs and others at the time of consummation of the transaction as well as the expenses of sale, such as salesmen's commissions, rent, interest and general selling expenses. Robbins states that he negotiated the transaction over a period of several months. Robbins described NYWD as follows:

> "The business of NYWD, prior to September 1983, was an apparel retailer in Passaic, New Jersey and a wholesaler of various types of goods. As a wholesaler, NYWD supplied goods bearing national brands, usually clothing, to retail outlets which are unable to obtain such goods through the normal distribution channels and also supplies unbranded or private label goods. NYWD's sources do not fall under any particular category, but include any holder of substantial volume of goods who is either unwilling or unable to dispose of them in the usual manner. * * * The special competence of NYWD is its ability to dispose of large quantities of branded and unbranded clothing to the retail trade in a short period of time, and outside of the usual distribution methods." Robbins Affidavit at 2.

The dispute between the parties over the calculation of "profit" and the reasonableness of the amounts paid by NYWD present issues of fact. This court is unable to say at this time that the price paid was insufficient as a matter of law to constitute fair consideration. Surely NYWD would not have paid a price that left it with no profit. Even if the Plaintiffs' calculation of a 374% profit were credited, the calculation gives no weight to uncertainty and risk nor the expenses incurred. The Plaintiffs have made no showing that any other or higher offer or mode of disposition was possible or even that the markup substantially exceeds that customary for someone in NYWD's line of business. In addition, factual disputes are involved in the question of whether amounts paid by NYWD to others, including Black, the owner of the license to the NYSE trademark, should be considered as part of the consideration given.

Reasonably equivalent value is a question of fact. *See, e.g., In re Roco Corporation, supra; Klein v. Tabatchnick,* 610 F.2d 1043, 1047 (2d Cir.1979) ("Fairness of consideration is generally a question of fact."); and 4 *Collier,* ¶ 548.09 at 548–100 ("[w]hether the transfer is for 'reasonably equivalent value' in every case is largely a question of fact as to which *considerable latitude* must be allowed to the trier of facts.") (emphasis added).

■ There is no precise formula which could be used to ascertain whether reason-

ably equivalent value has been received in any given transfer. *In the Matter of Curtina, supra;* and *Klein v. Tabatchnick, supra.* But compare *Durrett v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir.1980) (Transfer of real property for less than seventy percent of the fair market value of the property would not constitute reasonably equivalent value.) The "court must look at the reasonableness [of the transaction] in light of what actually occurred." *550 Les Mouches Fashions, Ltd. v. Hope (In re 550 Les Mouches Fashions, Ltd.),* 24 B.R. 509, 516 (Bankr.S.D.N.Y.1982). The court as the trier of fact must determine if reasonable equivalent value was given based on all the facts and circumstances of the case. *Klein v. Tabatchnick, supra.* In making this determination the court should not only consider the direct benefits conferred upon the debtor but the indirect benefits as well. *Klein v. Tabatchnick, supra; Rubin v. Manufacturers Hanover Trust Company,* 661 F.2d 979, 991 (2d Cir.1981).

Neither the facts nor the type of property involved in this case warrant that reasonable equivalent value be decided as a matter of law. The court cannot employ a rigid test to determine the question of reasonable equivalent value. The court must consider *all* the factors of the transaction including, but not limited to, whether it was a close-out sale, the nature of the Plaintiffs' business at the time of sale, the cost of the goods to Plaintiffs, the ability of the Plaintiffs to sell the inventory in question elsewhere and a reasonable profit to the purchaser on the resale of these goods. These issues are properly left for trial.

◾ The issue of the debtor's insolvency is also a question of fact. *Klein v. Tabatchnick,* 610 F.2d at 1048; and *In re Roco Corporation, supra.* A debtor can satisfy the requirements of Code § 548 provided the court finds it was insolvent "proximately before or immediately after the time of [the] transfer." *Inland Security Company, Inc. v. Esate of Kirshner,* 382 F.Supp. 338, 344–45 (W.D.Missouri 1974). Under the Code, a corporation is insolvent when the sum of its "debts is greater than all of [its] property, at a fair valuation." 11 U.S.C. § 101(29)(A). *See, Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d at 995. The court in determining whether a corporation is insolvent may "value doubtful or contingent claims at less than face value." *Barr v. Weber (In re Carousel Candy Co.),* 38 B.R. 927, 937 (Bankr.E.D.N.Y.1984).

As discussed above, the Join-In Debtors' plan of reorganization treated with the New Lender and Restructuring Lender Claims. According to their disclosure statement, the Join-In Debtors' dispute that the Restructuring Lender Claims, which aggregated over $110 million, were "just debts" of their estates (Disclosure Statement at 21). The Join-In Debtors' settlement agreement with respect to the New Lender Claims of $10 million provided for payment of a mere $375,000. Since the validity of the New Lender and Restructuring Lender Claims, which allegedly rendered the Join-In Debtors insolvent, is in dispute, the Plaintiffs' motion for summary judgment must be denied. The factual inferences and conclusions that must be decided in determining insolvency in this case do not lend themselves readily to summary judgment resolution. *See, Klein v. Tabatchnick, supra; See also, United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

◾ Moreover, the insolvency issue is closely related to another issue which has been raised by the Defendants: The jurisdiction of the court. It is clear that the bankruptcy court will have jurisdiction to entertain the adversary proceeding as the debtors' consolidated plan of reorganization specifically retained jurisdiction. *Centennial Industries, Inc. v. NCR Corp. (In re Centennial Industries, Inc.),* 12 B.R. 99, 101 (Bktcy S.D.N.Y.1981); *In re J.M. Fields, Inc.,* 26 B.R. 852, 854 (Bankr.S.D.N.Y.1983); *Texas Consumer Finance Corp. v. First National City Bank,* 365 F.Supp. 427, 431–32 (S.D.N.Y.1973). *Cf., Law Research Service Inc. v. Hemba,* 384 F.Supp. 729, 733 (D.C.S.D.N.Y.1974); *In the Matter*

*of Oceana International, Inc.*, 376 F.Supp. 956, 962 (D.C.S.D.N.Y.1974) (In both cases court held not to have jurisdiction to entertain the adversary proceeding because the plan of reorganization did not specify a retention of jurisdiction.) However, a separate aspect is the question of whether these debtors may continue to prosecute the action. A debtor in possession generally has the power to set aside voidable transfers. The debtor in possession is acting as a trustee for the benefit of creditors. *See In re Martin Custom Made Tires Corp.*, 108 F.2d 172, 173 (2d Cir.1939). As long as the unsecured creditors receive some benefit from the recovery of the alleged fraudulent conveyance, the debtor will be allowed to proceed with the avoidance action. *See In re Centennial Industries, Inc.*, 12 B.R. at 102. However if the recovery of the alleged fraudulent conveyance will solely benefit the debtor it will not be permitted to maintain the proceeding. *Whiteford Plastics Co., Inc. v. Chase National Bank of New York City*, 179 F.2d 582, 584 (2d Cir.1950); *Vintero Corp. v. Corporacion Venezolana de Fomento (Matter of Vintero Corp.)*, 735 F.2d 740 (2d Cir.1984), *cert. denied* —— U.S. ——, 105 S.Ct. 591, 83 L.Ed.2d 702; *Law Research Service, Inc. v. Hemba*, 384 F.Supp. at 735; *In the Matter of Oceana International, Inc.*, 376 F.Supp. at 962. *See also* 4 Colliers, ¶ 550.02 n. 3 at 550–4. Given the terms of the confirmed plan, a serious question exists as to whether the Debtors would be the sole beneficiaries. This issue is intertwined with the insolvency issue since if the Plaintiffs were not insolvent perforce the beneficiaries of this adversary proceeding are the Plaintiffs, and by indirection, their shareholder. Alternatively, even if the Plaintiffs were insolvent as a result of the Lender Debt, the terms of the Settlement Agreement and the subsequent confirmation of the plan of reorganization may have still left the Plaintiffs the sole beneficiaries of this proceeding.

Robbins' motion for dismissal of the complaint will be denied for much the same reasons that the motion for summary judgment is being denied. There are facts in dispute. At this preliminary, pre-answer stage, it cannot be said that as a matter of law that the Plaintiffs can never recover from Robbins. Code § 550(a) permits recovery of a transfer from the initial transferee or the entity whose benefit the transfer was made as well as any immediate or mediate transferee of the initial transferee. As the sole shareholder of NYWD and its chief operating officer, Robbins necessarily was potentially a beneficiary of the transfer, whether in the form of a dividend or salary or bonus payment or otherwise.

The final matter to be dealt with is NYWD's motion seeking the joinder of Lo as a party defendant and leave to serve a third-party complaint. Pursuant to Fed.R. Civ.Pro. 14(a), made applicable by Bankruptcy Rule 7014, a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him. No leave of the court is rquired if the third-party complaint is filed not later than 10 days after service of the original answer. Thereafter it may be only done by leave of the court obtained on motion to all parties to the action. The proposed third-party complaint states that Lo was and is a resident of Hong Kong and that he was, until approximately November 8, 1983 (the date the Chapter 11 petitions were filed), chairman of the Join-In Debtors. The proposed complaint alleges that Lo insisted that as a condition of the transaction NYWD pay $200,000 directly to Black designee Resources and that Lo received indirect payments from Black of portions of the $200,000 paid to Resources, in the form of payments made by Black for the benefit of members of Lo's family.

A motion for inpleader under Fed. R.Civ.Pro. 14 is addressed to the court's sound discretion. In exercising its discretion the court must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complication of the case. Wright, Charles Alan, The Law of Federal Courts (4th Ed. 1983),

§ 76 at 509. Lo's joinder will necessarily complicate this case. He resides in Hong Kong. The Defendants have stipulated to the discontinuance of the action as against Black and Resources, the persons through whom Lo allegedly received payment. Plaintiffs argue that this court would lack jurisdiction over the third-party complaint.

 It is apparent that Lo is not a necessary party who must be joined, or whose non-joinder must be excused. See Fed.R. Civ.Pro. 19(a). Complete relief among those already parties can be afforded in his absence. Lo has claimed no interest in the litigation nor does there appear to be any threat to those persons already parties are subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. That NYWD seeks to have the money it paid to Black and Resources, which allegedly went to Lo, treated as part of the consideration for the transfer does not mandate that Lo be a party, as is evident from NYWD's discontinuance of the action against Black and Resources.

The ultimate relief sought by the Plaintiffs in this adversary proceeding requires the turnover of property, or its value. NYWD argues that failure to join Lo could render NYWD without a remedy against Lo in the event of an adverse judgment in this action or would require NYWD to pursue its remedies against Lo elsewhere. NYWD also contends that failure to join Lo will result in his unjust enrichment. According to NYWD, Lo is an entity "for whose benefit such transfer was made" under § 550(a)(1) of the Code. Under the facts as presented, this conclusion is not readily apparent. The additional $200,000 allegedly paid by NYWD was paid directly to Resources a designee of Black. The reasons why Black, if in fact he did, paid over any sums to Lo necesssarily raises issues beyond those present here as the consideration sufficient to support such a transfer may be different than and unrelated to the consideration underlying the transaction between the Plaintiffs and NYWD.

In all events, it is clear that complete relief could be afforded to the parties in Lo's absence. Moreover, the failure to join Lo will not subject NYWD to a substantial risk of incurring inconsistent liability. *See generally, In re Transleisure Corp.,* 41 B.R. 201, (Bankr.S.D.N.Y.1984). The court finds that Lo is not a necessary party according to Fed.R.Civ.Pro. 19(a).

Plaintiffs' motion for summary judgment is denied. Robbins' motion for dismissal is denied. NYWD's motion for joinder of Lo and leave to file a third-party complaint is denied.

It is so ordered.