**In re JOIN–IN INTERNATIONAL (U.S. A.), LIMITED, Republic Sportswear Corp., H.K. Enterprises, Inc. f/k/a New York Sportswear Exchange, Inc. and Yorkshire International (U.S.A.), Limited, Debtors.**

**JOIN–IN INTERNATIONAL (U.S.A.), LIMITED and H.K. Enterprises, Inc. f/k/a New York Sportswear Exchange, Inc., Plaintiffs,**

**v.**

**NEW YORK WHOLESALE DISTRIBUTORS CORP. a/k/a N.Y.W.D. Corp. and Robert N. Robbins, Defendants.**

**Bankruptcy Nos. 83 B 11324 (PBA), 83 B 11321 (PBA), 83 B 11322 (PBA) and 83 B 11323 (PBA).**
**Adv. No. 84–5561A.**

United States Bankruptcy Court,
S.D. New York.

July 22, 1987.

Ballon, Stoll & Itzler, New York City by Ronald S. Itzler, Bruce D. Gordon, for defendants.

Anderson Russell Kill & Olick, P.C., New York City by Andrew Brozman, for plaintiffs.

### MEMORANDUM DECISION DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

PRUDENCE B. ABRAM, Bankruptcy Judge.

By notice of motion dated May 15, 1986, the defendants sought to have this adversary proceeding dismissed pursuant to Fed. R.Civ.Pro. 12(b)(1) and 12(h)(3), made applicable by Bankruptcy Rule 7012(b), for lack of subject matter jurisdiction. For the reasons which follow, the motion is denied.

Involuntary petitions were filed against the plaintiffs (the "Join-In Debtors") on September 14, 1983. The Join-In Debtors filed petitions for reorganization under Chapter 11 on November 8, 1983. On May 8, 1984, the Join-In Debtors commenced this adversary proceeding. Thereafter on September 17, 1984, a plan of reorganization was confirmed for the Join-In Debtors.

New York Wholesale Distributors Corp. ("NYWD") filed its own petition under Chapter 11 on November 13, 1984. At the time the NYWD petition was filed this court had the Join-In Debtors' motion for summary judgment under advisement. As this court wrote in its January 7, 1986, decision deciding the motion, reported at 56 B.R. 555,

"Coincidentally, the NYWD case was randomly assigned to the undersigned. NYWD promptly asserted that the automatic stay of Code § 362 prevented the court from determining the motion for summary judgment against it * * *. However, NYWD indicated that in its view the court was free to determine Robbins' motion for dismissal.

"It was apparent that in some fashion, whether in the present adversary proceeding or upon an objection to a claim filed in the NYWD Chapter 11 case, the merits of the dispute would have to be reached. Consequently, by stipulation and order dated December 18, 1984, this court modified the automatic stay in the NYWD case to allow the prosecution of this adversary proceeding. The modification allows the adversary proceeding to 'proceed through and including judgment, if any, against NYWD but not inclusive of execution upon any judgment, if any'." 56 B.R. at 558.

The court's decision also discussed at length the terms of the Join-In Debtors' confirmed plans and their possible effect on the merits of this action. That discussion need not be repeated here.

Thereafter, rather than making a motion for failure to state a claim for relief, the defendants chose to make the present motion to dismiss on the grounds of lack of subject matter jurisdiction, urging that the court's subject matter jurisdiction was lost upon confirmation of the Join-In Debtors' plans even though the plans expressly retained jurisdiction. The motion raised an interesting question about the application of *In re Turner (Turner v. Ermiger)*, 724 F.2d 338 (2d Cir.1983) in a corporate Chapter 11 case, although the case was not initially cited by the defendants.

In *Turner*, the Second Circuit held that the bankruptcy court did not have subject matter jurisdiction over a cause of action that the individual Chapter 7 debtor had successfully claimed as exempt property. This court held in *In re Bentley (Bentley v. Sharp)*, 47 B.R. 266 (Bankr.S.D.N.Y.1985) that, based on *Turner*, it did not have subject matter jurisdiction over a cause of action post-confirmation of the individual Chapter 11 debtor's plan when the only beneficiary of any recovery would be the debtor himself. In this adversary proceeding this court had stated in its decision on the prior motion for summary judgment that a serious question existed as to whether the debtors would be the sole beneficiaries of this action. 56 B.R. 561.

However, this court need not consider the interesting question of whether the *Turner* analysis would preclude post-confirmation subject matter jurisdiction over a cause of action benefitting only a corporate debtor's shareholders. This court has previously found that it has subject matter jurisdiction because the plan retained it. See 56 B.R. at 560–61. As a fraudulent conveyance action, the adversary proceeding is within the definition of a core proceeding. See 28 U.S.C. § 157(b)(2)(H). Subject matter jurisdiction here can be found in that most fundamental obligation of the bankruptcy court: the duty to allow or disallow claims. See 28 U.S.C. § 157(b)(2). This adversary proceeding was allowed to go forward for the purpose of fixing the amount, if any, of the Join-In Debtors' allowable claim in the NYWD case. The Join-In case had already been confirmed by the time the NYWD case was filed and the lift-stay order was signed. No subject matter jurisdiction claim was raised in opposition to the lift-stay order for good reason. To point to the absence of an order explicitly adding the NYWD case caption to this adversary proceeding as evidence of lack of subject matter jurisdiction would be to elevate form over substance.

The defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The court declines the informal request of the defendants to convert the present mo-

tion to one to dismiss for failure to state a claim for relief. Any such motion must be made on appropriate papers.

A pretrial conference in this matter is scheduled for Thursday, August 20, 1987 at 10:00 a.m.

It is so ordered.