In re SHAPE, INC., Debtor.

SHAPE, INC., Plaintiff,

v.

MIDWEST ENGINEERING,
INC., Defendant.

Bankruptcy No. 88–20388.
Adv. No. 92–2048.

United States Bankruptcy Court,
D. Maine.

Nov. 9, 1993.

Peter W. Culley, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, for debtor.

Michael R. Roitman, Cohn, Roitman & Kelakos, Boston, MA, for Trustee/plaintiff.

James R. Wholly, Gross, Minsky, Mogul & Singal, Bangor, ME, for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Midwest Engineering, Inc. ("MEI"), Defendant in the above-captioned adversary proceeding, has filed this Motion to Dismiss. After due deliberation, this Court denies the motion.

### I. Background

On November 8, 1988, Shape, Inc. ("Shape") filed a voluntary petition for reorganization pursuant to 11 U.S.C. Chapter 11. On March 23, 1992, the Trustee timely[1] filed this adversary proceeding in order to avoid a fraudulent transfer pursuant to 11 U.S.C. § 548. The complaint alleged that the 60% of Shape's common stock purchased by MEI was obtained via actual fraud or for less than reasonably equivalent value.

1. By two agreements of the parties, the applicable two-year statute of limitations provided in Section 546(a)(1) was extended to March 23, 1992, the date the complaint was filed.

By order of the Court dated June 30, 1992, the Trustee's complaint was dismissed without prejudice to the extent that it sought relief under § 548(a)(1) or "actual fraud," due to the Trustee's failure to plead that cause of action with sufficient particularity as required by F.R.C.P. 9(b). In addition, this Court by an order dated December 9, 1992 prohibited the Trustee from prosecuting its constructive fraud claim through evidence of MEI's alleged non-disclosure, because of the Trustee's failure to plead that averment with specificity. Further, the Memorandum of Decision accompanying the December 9, 1992 order estopped the Plaintiff from arguing that Shape received less than $20,000 cash plus a $172,263 promissory note for its MEI stock. *See Shape, Inc., v. Midwest Engineering, Inc., (In re Shape)*, Case No. 88–20388, Adv.Proc. No. 92–2048, (Bankr.D.Me. December 9, 1992).

By order of this Court dated July 20, 1993, Shape was substituted for the Trustee as plaintiff. On August 18, 1993, MEI filed an additional motion to dismiss this adversary proceeding on the grounds that: (1) Shape lacks standing; (2) Recovery by Shape will not benefit the estate, and; (3) Recovery is barred by the doctrine of equitable estoppel.

## II. Motion To Dismiss

■ In evaluating a motion to dismiss, this Court must accept the facts and allegations set forth in the complaint as true, construing them in the light most favorable to Shape, as the nonmoving party. "The 'accepted rule' is that [Shape's] complaint should be dismissed for failure to state a claim only if it appears beyond doubt that [Shape] can prove no set of facts which would entitle it to relief." *Lessler v. Little*, 857 F.2d 866, 867 (1st Cir. 1988); *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980).

■ MEI's first basis for its motion to dismiss is that Shape lacks standing as the substituted plaintiff to assert a claim under 11 U.S.C. § 548(a)(2). MEI argues that only the Trustee can prosecute such an action. The Court disagrees with this argument. Section 1123(b)(3) of the Bankruptcy Code states that a plan of reorganization may provide for the retention and enforcement of claims by the debtor as well as by a trustee or representative of the estate.[2] *See, e.g., Join–In International (U.S.A.) Ltd. v. New York Wholesale Distributors Corp.*, 56 B.R. 555, 561 (Bankr.S.D.N.Y.1986); *In re Tennessee Wheel & Rubber Co.*, 64 B.R. 721, 724 (Bankr.M.D.Tenn.1986); *In re Southern Indus. Banking Corp.*, 59 B.R. 638, 642 (Bankr. E.D.Tenn.1986). Shape's Fourth Amended Plan of Reorganization contains such a provision. It states that "the Reorganized Debtor shall, in its sole discretion, litigate any evidence or recovery actions under sections 544 ... 548 ... of the Bankruptcy Code." Based on this, MEI has failed to convince this Court that Shape does not have the standing to advance a Section 548(a)(2) claim.

■ MEI's second basis for granting dismissal is that any recovery by Shape will not benefit the estate. This Court rejects that argument. A party can not argue post-confirmation that a recovery will not benefit the estate, when the recovery was described in the disclosure statement as an asset of the debtor's estate, relied upon by creditors, and accepted as part of the consideration under the plan.

■ MEI's third argument is that because Shape participated in the negotiation of the sale of the stock, it should be equitably estopped from contesting whether it received reasonably equivalent value. This argument is without merit because it is contrary to the "voluntary" language of Section 548(a). Section 548(a), by stating "[t]he trustee may avoid any transfer ... if the debtor voluntarily or involuntarily ...," does not attempt to limit recovery to only involuntary trans-

**2.** Section 1123(b) states in pertinent part:
  "(b) Subject to subsection (a) of this section, a plan may—
    (3) provide for—
    (A) the settlement or adjustment of any claim or interest belonging to the debtor or the estate; or

    (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest ..."

fers. It makes no difference whether the debtor voluntarily or involuntarily made the transfer, if the required elements of 11 U.S.C. § 548(a)(2) are met the transfer is still fraudulent.

Based on the foregoing, MEI's Motion to Dismiss is denied.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.B.P. 7052.

An appropriate order shall enter.