**In re Perri KANTERMAN, Debtor.**

**No. 88 Civ. 2307 (CSH).**

United States District Court,
S.D. New York.

June 30, 1988.

Richard W. Meirowitz, New York City, for creditors.

Nachamie, Kirschner, Levine & Spizz, New York City, for debtor.

Marchi Jaffe Cohen Crystal Rosner & Katz, New York City, for Alvin Gallant.

Heitner & Breitstein, New York City, for AT & T.

Shapiro & Shapiro, Framingham, Mass., for Lowenberg.

Benjamin Carter, Richmond, N.Y., for Excelsior Plumbing & Heating.

Alexander T. Singer, Brooklyn, N.Y., for Varveris.

Billie C. Johnson, Uniondale, N.Y., for Dime Savings Bank.

John F. Petitt, Westhampton Beach, N.Y., for Cury and Maloff.

Timothy O'Neill, New York City, for F.D. I.C.

Parker Chapin Flattau & Klimpl, New York City, for Biegen.

Zwerling, Schachter & Zwerling, New York City, for Bram Associates.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Debtor appeals as of right pursuant to Bankruptcy Rule 8001 from an order of the United States Bankruptcy Court entered in case number 87B–12318 (HCB) on February 19, 1988 by U.S. Bankruptcy Judge Howard C. Buschman III. That order was based on Judge Buschman's oral ruling rendered after a hearing held February 8, 1988 on two creditors' motions to dismiss the debtor's Chapter 11 petition.[1]

Instead of dismissing the petition, Judge Buschman converted the proceeding to one under Chapter 7 of the Bankruptcy Code. He took this action at the urging of one of the creditors represented at the hearing and at the request of the U.S. Trustee, and pursuant to the authority granted him under 11 U.S.C. § 1112(b). That section provides, in pertinent part:

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

\*　　\*　　\*　　\*　　\*　　\*

The debtor contends that the Bankruptcy Court was clearly erroneous in holding that conversion was appropriate under this section. The standard of review in this Court is governed by Bankruptcy Rule 8013, which provides:

**Rule 8013. Disposition of Appeal; Weight Accorded Bankruptcy Judge's Findings of Fact**

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

---

**1.** The creditors sought additional relief on their motions not relevant here.

The debtor, Perri Kanterman, describes herself in her petition as a "housewife" who has no independent source of income. She and her husband, Donald Kanterman, have been involved in a series of litigations in the state courts with Alvin and Joan Gallant. These litigations have resulted in at least two judgments against Perri Kanterman. Joan Gallant, as a judgment creditor, arranged a sheriff's sale of Perri Kanterman's most significant asset, a residence in Remsenberg, New York. That property is also the subject of at least two mortgage foreclosure actions.

Before the sheriff's sale could be consummated, Perri Kanterman filed a petition for voluntary reorganization under Chapter 11 of the Bankruptcy Code. Joan Gallant brought a motion to dismiss the petition for, among other things, fraud. Another creditor, Bram Associates, joined the motion to dismiss, while a third creditor, Bank Leumi, and the U.S. Trustee moved to convert the petition to a proceeding under Chapter 7.

At the hearing on the motion, Judge Buschman established the following undisputed facts. Perri Kanterman, the debtor, has no source of income other than her husband. Donald Kanterman is a judgment debtor with at best an erratic income stream.[2] In addition to the Remsenberg property, Perri Kanterman owns a co-op apartment in New York City.

At the time the petition was filed, the debtor listed approximately $7,500 in bank accounts. None of that money was still available to the estate at the time of the hearing.[3] Current obligations on the Remsenberg property were not being met, including current tax obligations which, if not paid, become a lien on the property. Although the debtor professed an intention to keep current with the obligations for the co-op apartment, she could identify no reliable source of income with which to do so.

Having clarified the record on these points, the Bankruptcy Judge rendered an oral ruling:

... What are the grounds here: [The] first ground is continuing loss or diminution of the estate.

Upon questioning by the Court of counsel for the Debtor, it is conceded there is at least five thousand dollars that has been spent since November 27th when this petition was filed.

Furthermore, the woman is a housewife and has no regular income. If she has any income it is a gift from her husband who, it is alleged and not disputed, is subject to a restraining order.

What I am saying here is the ability of this housewife to keep this estate together is highly dubious, first of all and, secondly, whatever there is would undoubtedly have to be used here given the allegations of the restraining order.

Therefore there has been some loss, not the greatest, but there has been some loss to the estate. The more important question is the absence of a likelihood of rehabilitation and its twin the inability to effectuate a plan.

What we have here is a housewife who has, apparently, quite valuable property out in Remsenberg on Long Island and a co-op apartment in New York. The maintenance on the co-op is conceded to be six hundred some odd dollars per month with interest payments on the mortgage for the shares in an additional sum of that amount. There is simply no income that would seem to support that.

Secondly, also it is conceded that the property, that value might be diminishing in the property in Long Island because of the inability to continue with whatever charges are necessary to keep that up. Thirdly, the statute talks of rehabilitation and not reorganization.

Under Chapter 11 one is certainly entitled to file a plan of liquidation. That is not a rehabilitation, that is a reorganization. It does not appear there is anything here that can be rehabilitated for we have to return to the basic premise, namely, that the woman is unemployed, she has no income, there is nothing to rehabilitate.

\* \* \* \* \* \*

So, I seem to have continuing loss and absence of a likelihood of rehabilitation. It seems to me also, given the undisputed allegations of what happened prior to

---

2. As recently as June 15, 1987 Donald Kanterman swore he was unemployed and had no salary or income. In any event, restraining notices have been served upon him by his judgment creditors, making it less likely that his income, if he has any, can support the debtor's rehabilitation.

3. Bank Leumi exercised its right of set-off against $2,500 in an account the debtor maintained with that Bank. No explanation was offered at the hearing for the disappearance of the rest of the money.

bankruptcy, that is, not the things that have been set forth in various complaints but the positions that the creditors have taken against this Debtor, that it seems to be unlikely, if not highly unlikely, that this Debtor could ever obtain the necessary consents for a plan.

\* \* \* \* \* \*

For the reasons advanced, Bank Leumi is to submit an order converting the case. Transcript of February 8, 1988 hearing at 72–75.

The debtor argues that Judge Buschman erred in concluding that she could not effectuate a plan of reorganization. She contends that she had not been given sufficient time within which to submit a plan, and that if she had she might have been able to win the approval of the requisite number of creditors.

In relying on this argument, the debtor ignores the first ground for Judge Buschman's order. Relying on 11 U.S.C. § 1112(b)(1), he found a continuing diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

Rehabilitation of the debtor's estate, as that term is used in § 1112(b)(1), is not synonymous with reorganization as that term is used in Chapter 11. *Collier on Bankruptcy* explains the distinction between the terms:

> "Rehabilitate" has been defined to mean "to put back in good condition; re-establish on a firm, sound basis." Rehabilitation, as used in section 1112(b)(1), does not mean the same thing as reorganization, as such term is used in chapter 11. Since a debtor can be liquidated in chapter 11, the ability to confirm a plan of reorganization is considerably different than reaching a firm, sound financial base.

*Collier on Bankruptcy*, ¶ 1112.03[i], p. 1112–15 (footnotes omitted). The distinction is significant. Rehabilitation of a debtor's estate implies the re-establishment of a sound financial basis, a concept which nec-

essarily involves establishing a cash flow from which current obligations can be met. Reorganization, on the other hand, can involve simple liquidation and distribution of assets.

■ It is clear from the quoted portions of Judge Buschman's ruling that he was keenly aware of the distinction between the two concepts. His finding of an absence of a reasonable likelihood of rehabilitation was based on the debtor's conceded intention to liquidate her assets, and her failure to demonstrate any reliable source of future income aside from the liquidation. I cannot conclude that his finding on the point was erroneous on this record.

■ Neither can I conclude that Judge Buschman's finding of a continuing diminution of the estate was erroneous on this record. The debtor conceded that at least $5,000 in cash had disappeared from the estate. In addition, she was unable to show any reliable source of income from which she could meet current obligations on her properties.

The debtor argues that her Remsenberg property is increasing rather than decreasing in value, and she concludes that her estate is not suffering any diminution. Even accepting the proposition that the property is increasing in value, however, I cannot accept the debtor's assertion that the Bankruptcy Judge's finding of continuing diminution was clearly erroneous. The debtor's inability to keep current with her obligations on the property was uncontested. That the property will incur these obligations, including taxes, is a certainty. Balanced against the speculative possibility of an increase in the property's market value,[4] the certainty of mounting tax liens against the property adequately supports the Bankruptcy Judge's finding.

I note that neither the statute nor the cases cited by the debtor require a finding of significant diminution of the estate. All that need be found is that the estate is suffering some diminution in value. The

---

**4.** The debtor failed to provide the Bankruptcy Court or this Court with any factual information regarding the magnitude or rate of increase in the purported appreciation in market value for the Remsenberg property.

Bankruptcy Judge's finding on that point was not clearly erroneous.

Since the Bankruptcy Judge's ruling based on § 1112(b)(1) was not clearly erroneous, I need not consider the debtor's arguments concerning his findings under § 1112(b)(2).

### Conclusion

The order appealed from is affirmed. The case will proceed under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

The foregoing is So Ordered.