**Ted ROSEN, Trustee, Ideal Wire Mfg. and Coating Corporation, Plaintiff,**

v.

**BARCLAYS BANK OF NEW YORK, Defendant.**

**No. CV–90–0843.**

United States District Court, E.D. New York.

June 6, 1990.

Richard Braverman, Teitelbaum, Braverman & Borges, Great Neck, N.Y., for plaintiff.

Aaron R. Cahn, Andrew I. Silfen, Hayt, Hayt & Landau, Great Neck, N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff appeals from an order of the Bankruptcy Court granting summary judgment in favor of defendant. For the reasons stated below, that order is affirmed.

On January 26, 1983, Ideal Wire, the eventual debtor corporation, closed on a $500,000 loan from the Money Store. This loan was secured by property known as 155 The Helm, East Islip, Long Island (the "Property"), owned by Walter Lehman, the president of Ideal Wire, and his wife, Lynne Lehman. The Property had been subject to a $500,000 mortgage held by Barclays Bank. In order to make the Property available as collateral for the loan

from the Money Store, an agreement was executed by which Barclays accepted $50,000 and Mr. Lehman's promise to aid them in the collection of some of Ideal Wire's accounts receivable previously pledged to Barclays, in return for releasing their mortgage on the Property.

On July 8, 1983, Ideal Wire filed a voluntary Chapter 11 petition in bankruptcy. By order dated December 13, 1983, the case was converted to a Chapter 7 proceeding. Thereafter plaintiff commenced this action against Barclays seeking to recover the $50,000 as a fraudulent transfer pursuant to 11 U.S.C. § 548.

Under 11 U.S.C. § 548(a) a trustee in bankruptcy may avoid any transfer made within a year of filing in exchange for which the debtor "received less than a reasonably equivalent value." Appellant contests the Bankruptcy Court's determination that the transfer of $50,000 to Barclays was made for reasonably equivalent value.

Barclays was under no legal obligation to release the property from the lien of its mortgage. It agreed to do so in consideration of the payment of $50,000. Without such release, the debtor could not have obtained the loan of $500,000 from the Money Store for which the Bankruptcy Court found the debtor had a reasonable need. That Court also found that the value to the debtor of the $500,000 loan was reasonably equivalent to the $50,000 paid for the release, without which the loan would not have been possible.

The Trustee's emphasis on the net loan proceeds available to the debtor is beside the mark. How the debtor would use the $500,000 loan was of no concern to Barclays, and had no bearing upon its obligation to release its mortgage lien or the validity of that release. To the extent that the debtor or its officers may have misused or improperly transferred all or any portion of the loan proceeds, such actions may give rise to other claims in favor of the Trustee.

The Trustee has the burden of proving that the release of the $500,000 mortgage did not provide reasonably equivalent value in consideration for the payment of $50,000. *Rubin v. Manufacturers*

*Hanover Trust Co.*, 661 F.2d 979 (2nd Cir. 1981). Reasonably equivalent value is a question of fact. *Klein v. Tabatchnick*, 610 F.2d 1043, 1047 (2nd Cir.1979). Considerable latitude must be allowed to the trier of facts on this issue. *In Re Join-in Intern. (U.S.A.) Ltd.*, 56 B.R. 555, 559 (Bkrtcy.S.D.N.Y.1986) (citing 4 *Collier on Bankruptcy*, ¶ 548.09). On appeal the bankruptcy judge's findings of fact may only be set aside if they are "clearly erroneous." Bankr. Rule 8013, 11 U.S.C.A. (West Supp.1990).

There is no precise formula which can be used to ascertain whether reasonably equivalent value has been given in exchange for a transfer. *In Re Join-in*, 56 B.R. at 559–60. This determination must be made based on all the facts and circumstances of the case. *Id.* at 560. Here, the Bankruptcy Court considered Ideal Wire's financial situation at the time of the loan, and the value of the infusion of capital the loan provided, and found that value to be reasonably equivalent to the consideration paid. This court can find no reason to declare that determination clearly erroneous.

The Bankruptcy Court's decision is therefore affirmed.

SO ORDERED.