**In re Paul WISE, Debtor.**

**Ronald LIPSHIE, Trustee in Bankruptcy of Paul Wise, Plaintiff,**

v.

**Paul WISE, Barbara Wise, Michael J. La Vigna, Katherine La Vigna and Flushing Savings Bank, Defendants.**

**No. 89 CV 3014.**

United States District Court, E.D. New York.

Sept. 24, 1990.

---

loan proceeds; and (3) a personal check in the amount of $30,953.00. The personal check was drawn on an account which did not contain sufficient funds at the time of defendants' tender, although debtor and his wife never attempted to cash the check. One day after the real estate closing, debtor executed another agreement (the "Occupancy Agreement") with defendants; that Occupancy Agreement acknowledged an advance payment, or "credit", of $31,651.00 by debtor to defendants, which allowed debtor and his wife to use and occupy the residential property sold to defendants the previous day. Less than one year later debtor filed for bankruptcy.

Following a hearing in the U.S. Bankruptcy Court, Judge Robert J. Hall granted a motion for summary judgment by the plaintiff-trustee against defendants, declaring debtor's transfer to defendants null and void as a fraudulent conveyance. Fed. R.Civ.P. 56; 11 U.S.C. § 548. Defendants subsequently moved to amend that decision, which Judge Hall denied in a memorandum and order dated July 21, 1989. Fed.R.Civ.P. 60.

Defendants now appeal the grant of summary judgment.

Stephen P. Gelfand, Smithtown, N.Y., for plaintiff.

Robert G. Cucinell, White Plains, N.Y., for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants appeal from an order of the bankruptcy court granting summary judgment in favor of plaintiff-trustee. For the reasons set forth below, that order is affirmed.

## FACTS

On July 29, 1985 debtor and his wife transferred their interest in certain residential property for an alleged total consideration of $150,000.00. The breakdown in payment by defendant buyers (the "defendants") was as follows: (1) a downpayment of $14,100.00; (2) $106,000.00 in mortgage

## DISCUSSION

■ The standards for review of final bankruptcy court decisions are well-established. Findings of fact are not set aside unless clearly erroneous. *In re Kanterman*, 88 B.R. 26 (S.D.N.Y.1988); *In re Nine Associates, Inc.*, 76 B.R. 943, 944 (S.D.N.Y.1987). Conclusions of law, however, are freely reviewable and "subject to the district court's independent determination of the legal issues." *In re Int'l Distribution Centers, Inc.*, 74 B.R. 221, 222 (S.D.N.Y.1987); *In re Abramson*, 715 F.2d 934, 938 (5th Cir.1983).

A trustee in bankruptcy may set aside any transfer made within a year of filing for bankruptcy where the debtor "received less than a reasonably equivalent value." 11 U.S.C. § 548. In this case, the bankruptcy court concluded that the value of consideration received by debtor in exchange for the residential property was

**394**

$120,000.00 rather than the $150,000.00 face value of the purported sale.

To reach this conclusion, the bankruptcy court largely discounted any value conferred by defendants through the personal check tendered at the time of closing. As the court pointed out, defendants received a $30,000 off-set pursuant to the "next day" Occupancy Agreement, which gave defendants an immediate credit for the precise amount of the tendered check. Based upon the whole transaction, the bankruptcy court found that debtor did not receive reasonably equivalent value in the sale of the property.

■ It has long been held that reasonably equivalent value is a question of fact, and "[c]onsiderable latitude must be allowed to the trier of facts on this issue." *Rosen v. Barklays Bank of New York*, 115 B.R. 433, 435 (E.D.N.Y.1990); *see In re Join-in Int'l (USA) Ltd.*, 56 B.R. 555, 559 (Bankr.S.D.N.Y.1986) (citing 4 *Collier on Bankruptcy*, ¶ 548.09). Moreover, there is "no precise formula which can be used to ascertain whether reasonably equivalent value has been given in exchange for a transfer. This determination must be made based upon all the facts and circumstances of [the] case." *Rosen*, 115 B.R. at 435 (citing *In re Join-in*, 56 B.R. at 559–60).

■ Based upon all of the facts and circumstances of this case, I do not disagree with the bankruptcy court's conclusion that debtor received less than reasonably equivalent value upon transfer. Based upon defendants' own submitted appraisal, the net market value of the property after commissions exceeded $167,000.00. Defendants' Mem. at 8. Plaintiff-trustee submitted appraisals valuing the property on the day of transfer at $280,000.00. A review of the balance sheets—reflecting significant debt as far back as 1982—supports a finding that debtor's transfer of the property rendered him insolvent for purposes of 11 U.S.C. § 548(a)(2)(i).

■ Finally, in raising a related argument on appeal, defendant buyers argue that even if debtor wrongfully transferred the property, the trustee cannot now dispose of the property because debtor's wife, a non-debtor, maintains a 50% interest in it. Under bankruptcy law a trustee has plenary power to sell *both* the debtor's estate interest and the interest of any co-owner in property where the debtor had "an undivided interest as a tenant ... by the entirety." 11 U.S.C. § 363(h). Here, debtor and his wife owned the property as tenants by the entirety. Exh. 29(a)(D). Quite apart from the law, however, there is a stipulation signed by debtor, his wife and the trustee. The stipulation ("so ordered" by the bankruptcy court) provides that if the trustee is successful in declaring the property transfer null and void, the trustee will have the power to put the property up for immediate sale with 50% of the actual net proceeds to be forwarded to debtor's wife. Obviously the property may be sold.

### CONCLUSION

Accordingly, the bankruptcy court's decision is affirmed.

SO ORDERED.