In re Paul WISE, Debtor.

Michael J. LA VIGNA and Katherine La Vigna, Plaintiffs,

v.

Ronald LIPSHIE, Trustee, and Barbara Wise, Defendants.

Bankruptcy No. 886–60032–20.
Adv. No. 893–8386–20.

United States Bankruptcy Court,
E.D. New York,
Westbury Division.

Oct. 25, 1994.

Regina Seltzer, Bellport, NY, for Barbara Wise.

Stephen P. Gelfand, Zinker & Gelfand, Smithtown, NY, Robert G. Cucinell, Hartsdale, NY, for plaintiffs.

Ronald Lipshie, Chapter 7 Trustee, Baldwin, NY.

ROBERT JOHN HALL, Bankruptcy Judge.

## PRELIMINARY STATEMENT

Before the Court[1] is a motion by one Defendant, Barbara Wise ("Wise"), for an order dismissing Plaintiffs' complaint ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Wise asserts that Plaintiffs have failed to state a claim for relief. The Court held a hearing upon the Motion and has examined the parties' papers, which include the Motion, a memorandum of law, affidavits and affirmations. For the reasons set forth below, the Court holds that Plaintiffs have stated a claim for relief and are entitled to a trial; therefore, Wise's Motion is **DENIED**.

## RELEVANT FACTS

On or about July 29, 1985, Debtor and his wife, Wise herein, transferred their interest in the real property located at 4 Yardley Drive, Dix Hills, New York ("Real Property") to the Plaintiffs for a purported consideration of $150,000. On January 10, 1986, the Debtor filed a voluntary petition for bankruptcy relief under chapter 7 of title 11, United States Code ("Bankruptcy Code"). Soon afterwards, the Trustee of Debtor's estate, Ronald Lipshie, commenced an adversary proceeding ("Prior Adversary Proceed-

ing") to have the July, 1985 transfer of the Real Property avoided as fraudulent under the Bankruptcy Code. The defendants in the Prior Adversary Proceeding were Debtor, his wife Wise and the transferees of the Real Property (the Plaintiffs in the instant adversary proceeding).

The Prior Adversary Proceeding concluded with the Court granting the Trustee's motion for summary judgment against the within Plaintiffs. The Trustee also took a default judgment against Debtor and his wife Wise. The Court's ruling was that the transfer by Debtor and Wise of the Real Property to the Plaintiffs constituted an avoidable fraudulent transfer because (i) Debtor received less than a reasonably equivalent value in exchange for the Real Property, and (ii) Debtor became insolvent as a result of the transfer.[2] The Court's ruling within the Prior Adversary Proceeding fell squarely within Bankruptcy Code section 548(a)(2)(A), which covers avoidance of fraudulent transfers.[3] The Plaintiffs subsequently appealed to the United States District Court for the Eastern District of New York, which affirmed this Court's ruling, 119 B.R. 392.

In January of 1993, the Trustee sold the Real Property for $265,000. In August of the same year, the Plaintiffs commenced the within adversary proceeding in which they request that the Court establish a lien on the

---

1. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (H) of title 28.

2. *Lipshie v. Wise (In re Wise)*, Bankr.Case No. 886–60032–20, Adv.Pro. No. 887–0056–20, Order and Judgment dated December 21, 1988. This Order and Judgment provided, in relevant part:
   **ORDERED AND ADJUDGED**, that the Trustee's application for a default judgment against the Defendants PAUL WISE and BARBARA WISE for the relief demanded in the Amended Complaint is in all respects granted; and it is further,
   **ORDERED AND ADJUDGED**, that the Trustee's application for summary judgment against the Defendants MICHAEL J. LA VIGNA and KATHERINE LA VIGNA for the relief demanded in the Amended Complaint is in all respects granted, and the Defendants' Answer is strick-

en upon a finding that less than fair consideration was paid for the purposes of Section 548(a)(2)(A) and that the debtor PAUL WISE was rendered insolvent as a result of the transaction for purposes of Section 548(a)(2)(B)(I)....
   *Id.* at 3.

3. Code section 548(a)(2)(A) provides:
   The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
   ...
   received less than a reasonably equivalent value in exchange for such transfer or obligation; and
   (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation....
   11 U.S.C. § 548(a)(2)(A).

proceeds of this sale. Plaintiffs assert that such lien should be equivalent to the amount they conveyed to Debtor and Wise as a down payment, or deposit, toward the purchase price for, plus Plaintiffs' actual expenses in maintaining and improving, the Real Property.

## LEGAL DISCUSSION

Plaintiffs assert they are entitled to the relief demanded by virtue of sections 548(c) and 550(d)(1) of the Bankruptcy Code. These sections provide redress to a good faith transferee who is defeated in a fraudulent transfer action. Where the transfer is avoided pursuant to section 548 because, as in the instant case, the debtor received less than a reasonably equivalent value in return for the property:

> a transferee ... of such a transfer ... that takes for value and in good faith has a lien on or may retain any interest transferred ... to the extent that such transferee ... gave value to the debtor in exchange for such transfer....

11 U.S.C. § 548(c).

Section 550 provides relief to good faith transferees where property is taken from them pursuant to section 548 as well as other sections of the Code; in pertinent part, the section provides:

> (d)(1) A good faith transferee from whom the trustee may recover under [various Bankruptcy Code Sections] has a lien on the property recovered to secure the lesser of—
>
> (A) the cost, to such transferee, of any improvement made after the transfer, less the amount of any profit realized by or accruing to such transferee from such property; and
>
> (B) any increase in the value of such property as a result of such improvement, of the property transferred.
>
> (2) In this subsection, "improvement" includes—
>
> (A) physical additions or changes to the property transferred;
>
> (B) repairs to such property;
>
> (C) payment of any tax on such property;

> (D) payment of any debt secured by a lien on such property that is superior or equal to the rights of the trustee; and
>
> (E) preservation of such property.

*Id.* § 550(d).

As stated, Defendant Wise seeks an order dismissing the complaint Plaintiffs bring under sections 548(c) and 550(d). Wise contends that Plaintiffs fail to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6). Wise argues that the documents submitted in the Prior Adversary Proceeding provide facts which are sufficient to permit the Court to find, as a matter of law, that the Plaintiffs were not good faith transferees. Since Plaintiffs' good faith is a requisite to their being entitled to relief pursuant to both sections 548(c) and 550(d), Wise argues that Plaintiffs have no claim for relief.

### A. Motion to Dismiss for Failure to State a Claim for Relief

■ The requirements that the moving party must meet to prevail on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) are well settled. A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *e.g., Johnsrud v. Carter,* 620 F.2d 29, 32 (1980) (citing *Conley* ); *Thomas W. Garland v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.) (citing *Jackson Sawmill Co. v. United States,* 580 F.2d 302, 306 (8th Cir.1978)), *cert. denied,* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). Whether Plaintiffs took the Real Property in good faith is indisputably a factual question. All factual questions must be resolved in favor of the parties opposing the Rule 12(b)(6) motion. *See, e.g., Kossick v. United Fruit Co.,* 365 U.S. 731, 732, 81 S.Ct. 886, 888–89, 6 L.Ed.2d 56 (1961); *Guessefeldt v. McGrath,* 342 U.S. 308, 310, 72 S.Ct. 338, 340, 96 L.Ed. 342 (1952).

■ A Rule 12(b)(6) motion to dismiss goes to the face of the complaint. *Rodriguez v. Chandler,* 641 F.Supp. 1292, 1299

(S.D.N.Y.1986) (citing *Conley; Escalera v. New York City Housing Auth.*, 425 F.2d 853, 857 (2d Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970)). It should not be granted where material issues of fact remain unresolved. *E.g., Powell v. Southwestern Tel. Co.*, 494 F.2d 485, 489 (1974); *In re Home–Stake Prod. Co. Secs. Lit.*, 76 F.R.D. 337, 348 (N.D.Okl.1975) (citing *Powell*); *Wilshire Oil Co. v. Riffe*, 409 F.2d 1277 (10th Cir.1969).

■ Contrary to Wise's Motion, Plaintiffs' lack of good faith at the time of the transfer of the Real Property in 1985 may not be determined on the face of Plaintiffs' complaint. Plaintiffs allege that they took the Real Property in good faith; Wise argues that they did not take in good faith. The issue must be resolved, for purposes of the instant Motion, in Plaintiffs' favor. Since Plaintiffs can state a claim for relief, the Motion cannot be granted on the face of the complaint and must be denied.

### B. Collateral Estoppel

The second contention raised by Wise is that the Plaintiffs must be precluded from litigating their good faith under the doctrine of collateral estoppel. Wise argues that the Plaintiffs' lack of good faith was determined through, and in fact was the basis for, the Court's resolution of the Prior Adversary Proceeding.

The Court has stated the doctrine of collateral estoppel often. Issues which have been determined by one court may not be subsequently relitigated in another court where certain factors are present:

> Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

*Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); RESTATEMENT 2D JUDG.

§ 68; Scott, *Collateral Estoppel by Judgment*, 56 HARV.L.REV., 1, 2–3 (1942)).

■ A four-part test is used to determine whether collateral estoppel effect may be accorded to a prior court's findings:

(1) The issue sought to be precluded must be the same as that involved in the prior action;

(2) The issue must have been actually litigated;

(3) It must have been determined by a valid and final judgment; and

(4) The determination must have been essential to the prior judgment.

*E.g., Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); *Arndt v. Hanna (In re Hanna)*, 163 B.R. 918, 925 (Bankr.E.D.N.Y.1994) (citing, *e.g., Moreno v. Schwartz (In re Schwartz)*, 36 B.R. 355, 357 (Bankr.E.D.N.Y.1984); *First Nat'l Bank v. Overmeyer (In re Overmeyer)*, 52 B.R. 111, 115 (Bankr.S.D.N.Y.1985) (quoting *In re Ross*, 602 F.2d 604, 608 (3d Cir. 1979))).

### B(i). Identical Issues

■ For collateral estoppel to apply in the instant, we must first determine that the issues at bar are identical to the issues in the Prior Adversary Proceeding.

Plainly, the issue at bar is whether Plaintiffs received the Real Property in good faith. This is a primary element of their claim for relief under both sections 548(c) and 550(d) of the Bankruptcy Code. 11 U.S.C. §§ 548(c), 550(d).

Whether Plaintiffs actually took in good faith never came before the Court in the Prior Adversary Proceeding. The Trustee brought action against the Plaintiffs to set aside, as fraudulent, the sale of Debtor and Wise's interest in the Real Property to the Plaintiffs. But the Prior Adversary Proceeding was not decided on the basis that the Plaintiffs took the Real Property in bad faith, or on the basis that the Debtor intended to defraud his creditors under Code section 548(a)(1).[4] The bases upon which the Court

---

4. Pursuant to section 548(a)(1):
   The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of

resolved the Prior Adversary Proceeding were that Debtor: (1) received less than a reasonably equivalent value in exchange for the Real Property, and (2) that Debtor was rendered insolvent thereby. *See supra* note 2 (actual quote from the order). The issue presently at bar is the good faith of the Plaintiffs at the time of the transfer. This issue is not identical to any issue that actually came on to be heard and was decided by the Court in the Prior Adversary Proceeding.

### B(ii). Fully Litigated

 For propriety's sake, we will address the second requirement of the collateral estoppel doctrine. This second prong requires that the present issues were fully litigated before the prior court(s). *E.g., Blonder-Tongue Labs., Inc. v. University Ill. Found.,* 402 U.S. 313, 329–30, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971) (citing cases).

As stated, the Prior Adversary Proceeding was decided upon the Trustee's motion for summary judgment. There was no argument, nor was there any trial of the good faith of the Plaintiffs. Summary judgment was granted because the Court held that Debtor received less than a reasonably equivalent value for the Real Property. Whether Plaintiffs took the Real Property in good faith was certainly not fully litigated.

### C. Conclusion

The test for collateral estoppel has not been fulfilled. Plaintiffs' good faith at the time of Debtor's and Wise's transfer of the Real Property to them was never directly before any court, nor was the issue ever actually litigated and decided by a final judgment. Plaintiffs may not be precluded under the doctrine of collateral estoppel, therefore, from litigating the issue and having their day in court.

Defendant Wise's Motion for dismissal of Plaintiffs' complaint may not be granted as a

the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or

matter of law for all the reasons set forth; accordingly, the *Motion* is **DENIED.** All parties are **DIRECTED** to attend a pre-trial hearing before the Court at 9:30 a.m. on December 15, 1994.

**SO ORDERED.**

became, on or after the date that such transfer was made or such obligation was incurred, indebted. . . .

11 U.S.C. § 548(a)(1).